# Illinois Official Reports

## Supreme Court

<div style="border:1px solid">

*People v. Castleberry*, 2015 IL 116916

</div>

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. STEVEN CASTLEBERRY, Appellant. |
| Docket No. | 116916 |
| Filed | November 19, 2015 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Vincent M. Gaughan, Judge, presiding. |
| Judgment | Appellate court judgment reversed. Circuit court judgment affirmed. |
| Counsel on Appeal | Michael J. Pelletier, State Appellate Defender, Alan D. Goldberg, Deputy Defender, and Elizabeth Cook and Therese N. Bissell, Assistant Appellate Defenders, of the Office of the State Appellate Defender, of Chicago, for appellant. |
| | Lisa Madigan, Attorney General, of Springfield, and Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Assistant State's Attorney, of counsel), for the People. |

Justices        JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Garman and Justices Freeman, Thomas, Kilbride, Karmeier, and Theis concurred in the judgment and opinion.

**OPINION**

¶ 1    The principal issue in this appeal is whether the "void sentence rule," which states that "[a] sentence which does not conform to a statutory requirement is void" (*People v. Arna*, 168 Ill. 2d 107, 113 (1995)), should be abandoned. For the reasons that follow, we conclude that recent decisions from this court have undermined the rationale behind the rule to the point that the rule can no longer be considered valid. We therefore abolish the rule.

¶ 2                                    BACKGROUND

¶ 3    The defendant, Steven Castleberry, was convicted in the circuit court of Cook County of two counts of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(8) (West 2008)), based on separate acts of oral and vaginal contact with the victim. At sentencing, the State argued that defendant was subject to a mandatory 15-year sentencing enhancement on each of the two counts because the crimes had been committed by defendant while he was armed with a firearm (see 720 ILCS 5/12-14(d)(1) (West 2008)). When added to the mandatory minimum term of 6 years' imprisonment for each offense, this meant, according to the State, that defendant was subject to a mandatory minimum term of 21 years' imprisonment on each count.

¶ 4    The circuit court disagreed with the State regarding the application of the 15-year enhancement, concluding that the legislature had intended the enhancement to be applied only once under the circumstances presented. The circuit court sentenced defendant to a 9-year term of imprisonment on each count, adding the 15-year enhancement to only one of the counts. The two sentences were ordered to run consecutively, for a total term of 33 years' imprisonment.

¶ 5    Defendant appealed and raised two arguments. First, defendant maintained that his conviction should be reversed because of errors that occurred during jury selection and, second, defendant contended that the 15-year enhancement was unconstitutional and, therefore, should not have been applied by the circuit court at all. The appellate court rejected both these arguments. 2013 IL App (1st) 111791-U. The court affirmed defendant's convictions and held that "the circuit court did not err in applying the 15-year add-on to one of defendant's convictions." *Id.* ¶ 36.

¶ 6    However, the appellate court then went on to state that its analysis did "not end there." *Id.* ¶ 37. Responding to an argument raised by the State, the appellate court held that the 15-year enhancement was a mandatory statutory requirement that had to be added to the sentence for each of the two counts on which defendant had been convicted. *Id.* ¶ 38. The court further held that, because the sentence which lacked the enhancement "did not conform to the statutory requirements," it was "void." *Id.* The court remanded the matter to the circuit court for resentencing.

¶ 7 Defendant subsequently filed a petition for leave to appeal in this court which we allowed. Ill. S. Ct. R. 315 (eff. July 1, 2013).

¶ 8                                                ANALYSIS

¶ 9 On appeal, defendant does not challenge the appellate court's affirmance of his convictions. Instead, defendant's sole contention is that the appellate court erred when it held that the sentence imposed without the statutory enhancement was void. Defendant maintains that the rule relied upon by the appellate court—that a sentence which does not conform to statutory requirements is void—is no longer valid in light of recent decisions from this court and, thus, could not provide a basis for the appellate court to reverse the circuit court's sentencing order.

¶ 10 In addition, defendant contends that in the absence of the void sentence rule, the appellate court had no authority to consider the State's request to increase his sentence. Instead, according to defendant, the State must seek a writ of *mandamus* from this court if it wishes to challenge the error committed by the circuit court: to date, the State has not done so. Accordingly, defendant argues that the judgment of the appellate court must be reversed.

¶ 11 To fully understand defendant's argument regarding the void sentence rule some background information is required. This court has explained that "[w]hether a judgment is void or voidable presents a question of jurisdiction." *People v. Davis*, 156 Ill. 2d 149, 155 (1993). "Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time." *Id.* A voidable judgment, in contrast, "is one entered erroneously by a court having jurisdiction and is not subject to collateral attack." *Id.* at 155-56.

¶ 12 Jurisdiction is most commonly understood as consisting of two elements: subject matter jurisdiction and personal jurisdiction. *In re M.W.*, 232 Ill. 2d 408, 414 (2009). Subject matter jurisdiction refers to a court's power " 'to hear and determine cases of the general class to which the proceeding in question belongs.' " *Id.* at 415 (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002)). Personal jurisdiction refers to the court's power " 'to bring a person into its adjudicative process.' " *Id.* (quoting Black's Law Dictionary 870 (8th ed. 2004)).

¶ 13 However, our cases have at times also held "that the power to render the particular judgment or sentence is as important an element of jurisdiction as is personal jurisdiction and subject matter jurisdiction." *Davis*, 156 Ill. 2d at 156. Based on this idea, the rule has developed which holds that a circuit court which violates a particular statutory requirement when imposing a sentence acts without "inherent authority" or "inherent power." And, because the court has acted without power, it has acted without jurisdiction, thereby rendering the sentence void. Thus, the void sentence rule is stated: "A sentence which does not conform to a statutory requirement is void." *Arna*, 168 Ill. 2d at 113.

¶ 14 Defendant argues, however, that other decisions from this court, in particular *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514 (2001), have concluded that the "inherent power" idea of jurisdiction is at odds with the grant of jurisdiction given to the circuit courts under our state constitution and, thus, is invalid. These decisions, defendant contends, have

therefore undermined the rationale behind the void sentence rule to the point that it can no longer stand.

¶ 15    The most recent of our decisions addressing the scope of the circuit courts' jurisdiction and the meaning of *Steinbrecher* is *LVNV Funding, LLC v. Trice*, 2015 IL 116129. Because of its relevance, we quote this decision at length:

"*Steinbrecher* noted that a 1964 constitutional amendment significantly altered the basis of circuit court jurisdiction, granting circuit courts 'original jurisdiction of all justiciable matters, and such powers of review of administrative action as may be provided by law.' Ill. Const. 1870, art. VI (amended 1964), § 9. The current Illinois Constitution, adopted in 1970, retained this amendment and provides that 'Circuit Courts shall have original jurisdiction of all justiciable matters' and that 'Circuit Courts shall have such power to review administrative action as provided by law.' Ill. Const. 1970, art. VI, § 9. *Steinbrecher* reasoned that, because circuit court jurisdiction is granted by the constitution, it cannot be the case that the failure to satisfy a certain statutory requirement or prerequisite can deprive the circuit court of its 'power' or jurisdiction to hear a cause of action. *Steinbrecher*, 197 Ill. 2d at 529-32.

In so holding, *Steinbrecher* emphasized the difference between an administrative agency and a circuit court. An administrative agency, *Steinbrecher* observed, is a purely statutory creature and is powerless to act unless statutory authority exists. *Id.* at 530 (citing *City of Chicago v. Fair Employment Practices Comm'n*, 65 Ill. 2d 108, 112 (1976)). A circuit court, on the other hand, 'is a court of general jurisdiction, which need not look to the statute for its jurisdictional authority.' *Id.* Thus, *Steinbrecher* concluded that the ' "inherent power" requirement applies to courts of limited jurisdiction and administrative agencies' but *not* to circuit courts. *Id.*

As *Steinbrecher* makes clear, following the 1964 constitutional amendment and the adoption of the 1970 Constitution, whether a judgment is void in a civil lawsuit that does not involve an administrative tribunal or administrative review depends solely on whether the circuit court which entered the challenged judgment possessed jurisdiction over the parties and the subject matter. 'Inherent power' as a separate or third type of jurisdiction applies only to courts of limited jurisdiction or in administrative matters. It has no place in civil actions in the circuit courts, since these courts are granted general jurisdictional authority by the constitution.

*Steinbrecher* was reaffirmed in *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335-37 (2002). In *Belleville Toyota*, this court addressed the meaning of subject matter jurisdiction, specifically, whether the failure to comply with a statutory requirement or prerequisite can deprive a circuit court of subject matter jurisdiction. *Id.* at 337-38. See, *e.g.*, Restatement (Second) of Judgments § 11 cmt. e (1982) (discussing the tendency in procedural law to treat various kinds of serious procedural errors as defects in subject matter jurisdiction).

As in *Steinbrecher*, *Belleville Toyota* began its analysis by noting the 1964 constitutional amendment and its incorporation into the 1970 Constitution. *Belleville Toyota* concluded that these constitutional amendments 'radically changed the legislature's role in determining the jurisdiction of the circuit court.' *Belleville Toyota*, 199 Ill. 2d at 337. And again, as in *Steinbrecher*, *Belleville Toyota* reasoned

- 4 -

that a statutory requirement or prerequisite cannot be jurisdictional, since jurisdiction is conferred on the circuit courts by our state constitution. As *Belleville Toyota* noted, while it might have been appropriate prior to 1964 to state that the failure to conform to certain 'statutory requirements prevented the court from acquiring subject matter jurisdiction,' today that proposition 'is confined to the area of administrative review—the only area in which the legislature still determines the extent of the circuit court's jurisdiction.' *Id.* at 338.

*Belleville Toyota* thus held that '[w]ith the exception of the circuit court's power to review administrative actions, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution.' *Id.* at 334. Subject matter jurisdiction 'refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs' (*id.*), and this jurisdiction extends to all ' "justiciable matters" ' (*id.* (quoting Ill. Const. 1970, art. VI, § 9)). To invoke the circuit court's subject matter jurisdiction, a party need only present a justiciable matter, *i.e.*, 'a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests.' *Id.* at 335.

In defining the meaning of subject matter jurisdiction, *Belleville Toyota* also rejected the idea of nonwaivable 'conditions precedent' to the exercise of circuit court jurisdiction. The court explained:

'Some case law, however, suggests that the legislature, in defining a justiciable matter, may impose "conditions precedent" to the court's exercise of jurisdiction that cannot be waived. [Citations.] We necessarily reject this view because it is contrary to article VI [of the Illinois Constitution of 1970]. Characterizing the requirements of a statutory cause of action as nonwaivable conditions precedent to a court's exercise of jurisdiction is merely another way of saying that the circuit court may only exercise that jurisdiction which the legislature allows. We reiterate, however, that the jurisdiction of the circuit court is conferred by the constitution, not the legislature. Only in the area of administrative review is the court's power to adjudicate controlled by the legislature.' *Id.* at 335-36.

Accordingly, while the legislature can create new justiciable matters by enacting legislation that creates rights and duties, the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction. *Id.* See also, *e.g.*, *In re Luis R.*, 239 Ill. 2d 295, 300-02 (2010); *People ex rel. Graf v. Village of Lake Bluff*, 206 Ill. 2d 541, 552-54 (2003).

While its holding regarding the circuit courts' jurisdiction rested on a constitutional basis, *Belleville Toyota* also stressed that it was consistent with the policy of preserving the finality of judgments. Under Illinois law, a party may challenge a judgment as being void at any time, either directly or collaterally, and the challenge is not subject to forfeiture or other procedural restraints. See, *e.g.*, *Sarkissian*, 201 Ill. 2d at 104 (an allegation of voidness substitutes and negates the need to allege a meritorious defense and due diligence under section 2-1401). Void

judgments thus occupy a unique place in our legal system: to say that a judgment is void or, in other words, that it was entered without jurisdiction, is to say that the judgment may be challenged in perpetuity. For this reason, as *Belleville Toyota* observed, '[l]abeling the requirements contained in statutory causes of action 'jurisdictional' would permit an unwarranted and dangerous expansion of the situations where a final judgment may be set aside on a collateral attack.' *Belleville Toyota*, 199 Ill. 2d at 341. Accordingly, only the most fundamental defects, *i.e.*, a lack of personal jurisdiction or lack of subject matter jurisdiction as defined in *Belleville Toyota* warrant declaring a judgment void." (Emphasis in original.) *Id.* ¶¶ 30-38.

¶ 16    Defendant acknowledges that *Steinbrecher* expressly limited its holding to civil cases and determined that criminal proceedings raised "a separate set of concerns." *Steinbrecher*, 197 Ill. 2d at 532. Nevertheless, defendant maintains that the logic employed in decisions such as *Steinbrecher*, *Belleville Toyota* and *LVNV* cannot be limited solely to civil cases and that whether a circuit court complies with a statutory sentencing requirement in a criminal proceeding is irrelevant to the question of jurisdiction.

¶ 17    The State, in response, does not challenge defendant's reasoning. The State fully embraces defendant's contention that the void sentence rule can no longer be considered valid. We agree as well.

¶ 18    As both parties note, in granting jurisdiction over "all justiciable matters," the Illinois Constitution does not distinguish between civil and criminal cases. Rather, the constitution explicitly excludes only one category of cases—a circuit court's review of administrative actions. Ill. Const. 1970, art. VI, § 9. Perpetuating the "inherent power" notion of jurisdiction cannot be reconciled with the constitution and is squarely at odds with the reasoning in *Steinbrecher*, *Belleville Toyota* and *LVNV*. Further, *Steinbrecher* did not identify the "separate set of concerns" that would justify continuing the "inherent power" idea of jurisdiction in the criminal context, further undermining the persuasiveness of retaining the void sentencing rule. See, *e.g.*, Kristopher N. Classen & Jack O'Malley, *Filling the Void: The Case for Repudiating and Replacing Illinois' Void Sentence Rule*, 42 Loy. U. Chi. L.J. 427, 453 (2011).

¶ 19    The doctrine of *stare decisis* expresses the policy of courts to adhere to precedent and settled points of law "so that the law will not change erratically, but will develop in a principled, intelligible fashion." *People v. Colon*, 225 Ill. 2d 125, 145-46 (2007). The doctrine is not an inexorable command, however, and where good cause or compelling reasons justify departing from precedent we will do so. That standard is met here. Because "a circuit court is a court of general jurisdiction, which need not look to the statute for its jurisdictional authority" (*Steinbrecher*, 197 Ill. 2d at 530), the void sentence rule is constitutionally unsound. Accordingly, the void sentencing rule is hereby abolished.

¶ 20    The State contends, however, that even if the void sentencing rule did not provide a basis for the appellate court's decision, there was nothing improper about the appellate court increasing defendant's sentence at the request of the State. We disagree.

¶ 21    Illinois Supreme Court Rule 604(a) sets forth with specificity those instances where the State may appeal in a criminal case. The rule does not permit the State to appeal a sentencing order. Ill. S. Ct. R. 604(a) (eff. July 1, 2006). See, *e.g.*, *People v. Davilla*, 236 Ill. App. 3d 367, 389 (1992); *People v. Hatfield*, 257 Ill. App. 3d 707, 711 (1994); *People v. Williams*,

131 Ill. App. 3d 597, 612 (1985). And, because the rule does not authorize the appeal of sentencing orders, it follows that the State could not have cross-appealed in the appellate court on this issue, "since a reviewing court acquires no greater jurisdiction on cross-appeal than it could on appeal." *People v. Farmer*, 165 Ill. 2d 194, 200 (1995).

¶ 22    The State argues, however, that it did not file either an appeal or a cross-appeal in the appellate court but "simply responded to a claim raised by defendant attacking his sentence as unauthorized" and the appellate court could, therefore, properly address its argument. This is incorrect. As the appellee in the appellate court, the State could, without filing a cross-appeal, raise any argument of record in support of the circuit court's judgment. *People v. Johnson*, 208 Ill. 2d 118, 129 (2003); *United States v. American Ry. Express Co.*, 265 U.S. 425, 435 (1924). However, an appellee who does not cross-appeal may not "attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary." *Id.*

¶ 23    The State's argument in the appellate court that the 15-year enhancement should be applied to defendant's sentence was not brought to sustain the judgment of the circuit court. It was, instead, a new and different issue brought with a view to "lessening the rights" of defendant. The State's argument was a *de facto* cross-appeal challenging defendant's sentence and, as such, was impermissible. See, *e.g.*, *People v. Newlin*, 2014 IL App (5th) 120518, ¶ 31 ("What the State is essentially trying to do in the instant case is to piggyback an appeal on defendant's appeal. We can find no authority for such practice ***."); *People v. Kent*, 40 Ill. App. 3d 256, 265 (1976); see also *Johnson*, 208 Ill. 2d at 138-41.

¶ 24    The State also maintains that the appellate court had the authority, under Rule 615(b)(1), to "reverse, affirm, or modify the judgment or order from which the appeal is taken" (Ill. S. Ct. R. 615(b)(1)) and, on this basis, could increase defendant's sentence. But the authority granted under Rule 615(b) is limited to "reduc[ing] the punishment imposed by the trial court" (Ill. S. Ct. R. 615(b)(4)), and the rule thus cannot be read as granting a plenary power to the appellate court to increase criminal sentences. Indeed, the void sentence rule rests on the assumption that Rule 615(b) does *not* permit a reviewing court to increase a criminal sentence; otherwise there would be no need for a reviewing court to resort to the notion of voidness. See *Arna*, 168 Ill. 2d at 113 (noting that our rules limit the State's right to appeal and "prohibit the appellate court from increasing a defendant's sentence on review").

¶ 25    The State also points to *People v. Scott*, 69 Ill. 2d 85 (1977), as offering support for the appellate court's decision to increase defendant's sentence. *Scott*, however, holds only that where an unsentenced conviction is before a reviewing court as part of an appeal brought by a defendant, the court may remand the matter to the circuit court for sentencing on the conviction in order to "complete the circuit court's order and render the judgment final." *Id.* at 89. That situation is not present here and *Scott* does not stand for the broader notion that the appellate court may increase any criminal sentence at the request of the State. The appellate court, therefore, had no authority in this case to vacate the circuit court's sentencing order in response to the State's argument.

¶ 26    Although the appellate court may not, under our rules, address a request by the State to increase a criminal sentence which is illegally low, the State may, in appropriate circumstances, seek relief from this court via the writ of *mandamus*. In general, *mandamus* is an " 'extraordinary remedy to enforce, as a matter of right, "the performance of official

duties by a public officer where no exercise of discretion on his part is involved." [Citation.]' " *Cordrey v. Prisoner Review Board*, 2014 IL 117155, ¶ 18 (quoting *Lewis E. v. Spagnolo*, 186 Ill. 2d 198, 229 (1999)). Only issues of law are considered in actions for *mandamus*; if factual questions are present, *mandamus* will not lie. *Id.* Further, *mandamus* is improper if it substitutes the court's discretion or judgment for that of the official. *Id.*

¶ 27    The remedy of *mandamus* therefore permits the State to challenge criminal sentencing orders where it is alleged that the circuit court violated a mandatory sentencing requirement, but precludes the State from challenging ordinary, discretionary sentencing decisions. Further, the State is not barred from seeking *mandamus* relief even if the defendant's case is pending on direct appeal. See *People ex rel. Daley v. Strayhorn*, 119 Ill. 2d 331, 336 (1988); see also *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 191 (2009). In this case, the State has not moved for leave to file a petition for writ of *mandamus* in this court. Nothing in this opinion should be read as preventing the State from filing such a request.

¶ 28    Finally, we note that the suggestion has been made that the issue of appealing criminal sentencing orders should be addressed by amending our rules. See, *e.g.*, Classen & O'Malley, *supra* at 465-68. Typically, rule amendments begin in our Rules Committee under the procedures set forth in Rule 3 (Ill. S. Ct. R. 3 (eff. Mar. 22, 2010)). These procedures are intended, among other things, "to provide an opportunity for comments and suggestions by the public, the bench, and the bar; [and] to aid the Supreme Court in discharging its rulemaking responsibilities." Ill. S. Ct. R. 3(a)(1). We retain the prerogative, however, of departing from the procedures of the rule (Ill. S. Ct. R. 3(a)(2)), and there have been occasions when this court has amended a rule in the course of deciding a case on appeal. See, *e.g.*, *In re Corboy*, 124 Ill. 2d 29, 46 (1988).

¶ 29    In this case, however, neither of the parties to the appeal have argued for a rule change. In the absence of briefing from the parties, or a full exploration of the issues associated with any amendment, we decline to amend our rules at this time. We reserve judgment on the matter should any amendment be proposed in the future.

¶ 30                                        CONCLUSION

¶ 31    For the foregoing reasons, the judgment of the appellate court is reversed. The judgment of the circuit court is affirmed.


¶ 32    Appellate court judgment reversed.

¶ 33    Circuit court judgment affirmed.