# Illinois Official Reports

## Appellate Court

---

### *People v. Williams*, 2017 IL App (1st) 123357-B

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARCUS WILLIAMS, Defendant-Appellant. |
| District & No. | First District, First Division<br>Docket No. 1-12-3357 |
| Filed | February 14, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 90-CR-21478; the Hon. Thomas Joseph Hennelly, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Benjamin Wimmer, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg and Hareena Meghani-Wakley, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE CONNORS delivered the judgment of the court, with opinion.<br>Justices Hoffman and Cunningham concurred in the judgment and opinion. |

## OPINION

¶ 1    Defendant, Marcus Williams, appeals the trial court's order that dismissed his petition for postconviction relief. Defendant argues that because the trial court dismissed his petition over 90 days from the date of its filing and docketing, the court's order was void pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1 (West 1994)), which requires that a court examine a petition brought pursuant thereto within 90 days after its filing and docketing. The State, on the other hand, asserts that the court's order dismissing defendant's petition was merely voidable as opposed to void and therefore not subject to collateral review. For the reasons that follow, we agree with the State and affirm the judgment of the circuit court.

¶ 2    In 1991, defendant was convicted of two counts of first degree murder and was sentenced to two concurrent terms of natural life. Defendant appealed, and we affirmed his convictions on February 17, 1994. *People v. Williams*, No. 1-91-3463 (1994) (unpublished order under Supreme Court Rule 23). The Illinois Supreme Court subsequently denied defendant's petition for leave to appeal. *People v. Williams*, 157 Ill. 2d 520 (1994), *appeal denied*, No. 77242 (Ill. Oct. 6, 1994).

¶ 3    On January 11, 1995, defendant filed his first postconviction petition pursuant to the Act. In his petition, defendant asserted seven grounds for relief. On June 29, 1995, the trial court summarily dismissed the petition. Both parties agree that the trial court's summary dismissal was not within 90 days of defendant's postconviction petition being filed and docketed as required by the Act.[1] Defendant filed a notice of appeal on July 25, 1995, and the Cook County public defender's office was appointed to represent him. Subsequently, the public defender filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987).

¶ 4    On January 25, 1996, this court affirmed the summary dismissal of the postconviction petition and granted the public defender's motion to withdraw. *People v. Williams*, No. 1-95-2753 (1996) (unpublished order under Supreme Court Rule 23). In our order, we found no error in the trial court's determination that defendant's petition lacked merit. We also found that the doctrines of *res judicata* and waiver were "applicable to, and dispositive of the majority of the claims raised by defendant here" and that defendant's sufficiency of the evidence claim was not cognizable under the Act.

¶ 5    On April 10, 1998, defendant filed a motion to appoint an investigator, which the trial court denied two weeks later. The defendant filed a notice of appeal from this denial, and the Cook County public defender's office was again appointed to represent him. On July 28, 1999, we granted the public defender's motion to withdraw and affirmed the denial of defendant's motion for an investigator. *People v. Williams*, No. 1-98-4853 (1999) (unpublished order under Supreme Court Rule 23).

¶ 6    Between February 1999 and March 2003, defendant pursued a federal *habeas corpus* petition. After an evidentiary hearing on the allegation that his trial counsel was ineffective for failing to investigate an exculpatory witness, the district court denied relief. *United States ex rel. William-El v. Briley*, No. 99 C 0933, 2002 WL 31027966 (N.D. Ill. Sept. 6, 2002);

---

[1] When the trial court summarily dismissed the petition on June 29, 1995, it likely mistook a copy of defendant's postconviction petition that was file-stamped "June 20 ANS'D" for the original petition that was file-stamped January 11, 1995.

*United States ex rel. William-El v. Briley*, No. 99 C 0933, 2003 WL 742192 (N.D. Ill. Mar. 4, 2003).

¶ 7    On March 15, 2010, defendant filed a "Petition for Leave to File Successive Post-Conviction Petition," wherein he stated that the circuit court erroneously dismissed his first postconviction petition as frivolous or patently without merit more than 90 days after its filing. Because of the error, defendant argued, the first postconviction proceedings "were nullified." He also alleged that his appellate counsel was ineffective for failing to raise several meritorious issues on direct review.

¶ 8    On July 30, 2010, the trial court appointed the Cook County public defender's office to represent defendant on his subsequent postconviction petition. However, in September 2011, defendant was given leave to proceed *pro se*. Between March 2010 and January 2012, the record reveals that multiple versions of another postconviction petition were filed. The final version of defendant's *pro se* second petition for postconviction relief (second petition) was filed on January 13, 2012. In this document, he stated that "the proceedings on his original post-conviction constituted a nullity where the circuit court erroneously denied the P.C. without appointing counsel." Defendant also included several substantive bases for postconviction relief. When the State objected to this filing saying it was a successive instead of an amended petition, the trial court stated whether "we call it successive or amended, I'll allow you to do it."

¶ 9    On May 25, 2012, the State filed a motion to dismiss defendant's second petition, arguing that the claims were barred by waiver and *res judicata*. In response to the State's motion, defendant argued that this second petition should stand because, referring to the original postconviction petition, the proceedings on the first petition constituted a "nullity" when the trial court acted "three months after the expiration of the 90-day time period *** [and] erroneously dismissed the petition at the first stage."

¶ 10    On August 10, 2012, the trial court granted the State's motion to dismiss defendant's second petition. The court found that the second petition was "untimely," that the defendant had not persuaded the court that the delays were not due to his own negligence, and that the doctrines of *res judicata* and waiver applied. Defendant filed a motion to reconsider and vacate the order granting the State's motion to dismiss. In that motion to reconsider, defendant again stated that the proceedings on the first petition were a nullity because the "trial court erroneously denied the [first] petition after the expiration of the 90-day time period and failed to docket the petition for further consideration in accordance with provisions 725 ILCS 5/122-4 thru 5/122-6 of the Act."

¶ 11    On September 28, 2012, the trial court denied defendant's motion to reconsider and vacate the judgment dismissing the second postconviction petition. Defendant[2] timely filed a notice of appeal on October 23, 2012.

¶ 12    Our original order in this appeal was filed on August 25, 2014. See *People v. Williams*, 2014 IL App (1st) 123357-U. However, that order has since been vacated pursuant to a supervisory order entered by our supreme court on January 20, 2016, which denied defendant's petition for leave to appeal. *People v. Williams*, No. 118316 (Ill. Jan. 20, 2016) (supervisory order). Specifically, the supervisory order stated that, "The appellate court is directed to

---

[2]It should be noted that the State Appellate Defender represents defendant in this appeal. Defendant is no longer proceeding *pro se*.

reconsider its judgment in light of *People v. Castleberry*, 2015 IL 116916, to determine if another result is warranted." *Id.* Pursuant to defendant's request, we allowed the filing of a brief on remand from the supreme court and entered a briefing schedule. Defendant filed his brief on March 24, 2016, the State filed its response brief on April 15, 2016, and after having been granted leave to file a reply brief, defendant filed his reply on May 6, 2016. As set forth in further detail below, after our review of *Castleberry* and our supreme court's more recent decision in *People v. Price*, 2016 IL 118613, we have determined that a result different from our original order is warranted.

¶ 13    Defendant's notice of appeal from the denial of his second postconviction petition mentions that the second petition was denied without specifying the "findings of fact and conclusion[s] of law," but it does not specifically mention the proceedings on the first petition. In defendant's brief on appeal, he argues that the trial court acted without authority in summarily dismissing his first postconviction petition after the statutorily-mandated 90-day period for initial review. He further argues that the trial court's order summarily dismissing his first petition is void and that, because void orders may be attacked at any time or in any court, either directly or collaterally, he can raise the voidness issue in this appeal. Defendant requests that we vacate the trial court's void order on his first petition and order the trial court to redocket his first petition for second stage proceedings in accordance with the Act (725 ILCS 5/122-2.1(b) (West 1994)).

¶ 14    In opposition, the State argues that a lack of jurisdiction is the only source of a void order and, because the trial court maintained jurisdiction over the defendant's first postconviction petition after the ninetieth day, its order is merely voidable and not subject to collateral attack. In support of its position that the trial court still had jurisdiction when it ruled on defendant's first petition, the State explains that circuit courts have subject matter jurisdiction over all justiciable matters, circuit courts' jurisdiction is conferred entirely by the state constitution, and such jurisdiction is limited only by a legislature's power to determine jurisdiction for the area of administrative review. The State further contends that, because defendant's notice of appeal is only limited to the judgment on his second petition, a review of the judgment entered on defendant's first petition is not subject to our review. Lastly, the State argues that defendant already received second-stage review and was appointed counsel for his second petition.

¶ 15    Whether a judgment is void presents a question of law for which the standard of review is *de novo*. *People v. Rodriguez*, 355 Ill. App. 3d 290, 293-94 (2005).

¶ 16    The first reason the State suggests that the trial court's order summarily dismissing defendant's first petition after the 90-day window is merely voidable is that the jurisdiction of the circuit courts does not include the "inherent authority" to render a judgment or impose a sentence. That is, the circuit courts' jurisdiction consists only of subject matter and personal jurisdiction. Because "inherent authority" does not limit circuit courts, the State urges us to find that the trial court maintained jurisdiction when it ruled on defendant's initial petition. If the State's position prevails, the trial court's order would merely be voidable, and a defendant cannot collaterally attack a voidable order. See *People v. Davis*, 156 Ill. 2d 149, 155-56 (1993). Defendant, on the other hand, argues that the trial court no longer had the "inherent authority"—a component of jurisdiction—to render a judgment on the petition after the 90-day deadline. If defendant's position prevails, the trial court's order is void and is subject to collateral attack. *Id.* at 155.

¶ 17    Whether a judgment is void or voidable presents a question of jurisdiction. *Id.* "Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time." *Id.* Conversely, a voidable judgment "is one entered erroneously by a court having jurisdiction and is not subject to collateral attack." *Id.* at 155-56. Jurisdiction is commonly understood as consisting of two parts: subject matter jurisdiction and personal jurisdiction. *Castleberry*, 2015 IL 116916, ¶ 12. "Subject matter jurisdiction refers to a court's power to hear and determine cases of the general class to which the proceeding in question belongs." (Internal quotation marks omitted.) *Id.* "Personal jurisdiction refers to the court's power to bring a person into its adjudicative process." (Internal quotation marks omitted.) *Id.*

¶ 18    Pursuant to the supreme court's supervisory order referenced above, we first address the impact of *Castleberry*. The primary issue in *Castleberry* was whether the void sentence rule, which stated that "[a] sentence which does not conform to a statutory requirement is void" (*People v. Arna*, 168 Ill. 2d 107, 113 (1995)), should be abandoned. *Castleberry*, 2015 IL 116916, ¶ 1. The supreme court determined that its recent decisions had undermined the rationale behind the void sentence rule to the extent that it could no longer be considered valid. *Id.* Specifically, the court heavily relied on its recent decisions in *LVNV Funding, LLC v. Trice*, 2015 IL 116129, *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325 (2002), and *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514 (2001), in reaching its conclusion that the void sentence rule could no longer stand and must be abolished. *Castleberry*, 2015 IL 116916, ¶¶ 14-15. The court explained that "the failure to comply with a statutory requirement or prerequisite does not negate the circuit court's subject matter jurisdiction or constitute a nonwaivable condition precedent to the circuit court's jurisdiction." *Id.* ¶ 15 (citing *Belleville Toyota, Inc.*, 199 Ill. 2d at 335-36).

¶ 19    Here, the briefs upon remand submitted by defendant and the State primarily centered on the question of whether the decision in *Castleberry* was retroactive. Our supreme court recently answered that question in *Price*, when it determined that *Castleberry* was to apply prospectively to all cases decided on or after November 19, 2015, the date of its entry, and to all cases that were then pending when the *Castleberry* decision was announced, because the retroactivity analysis of *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion), was inapplicable. *Price*, 2016 IL 118613, ¶ 27. Because the instant case was pending before the supreme court at the time *Castleberry* was decided, our supreme court's holding in that case applies here.

¶ 20    Our review of *Castleberry* and the cases relied on therein leads us to the conclusion that the order at issue in this case that dismissed defendant's first postconviction petition after 90 days was merely voidable, and thus not subject to collateral review. See *Davis*, 156 Ill. 2d at 155-56. It is undisputed that the court had both subject matter and personal jurisdiction at the time it entered the order dismissing defendant's first postconviction petition on June 29, 1995. Thus, according to *Castleberry*, *LVNV*, *Belleville Toyota*, and *Steinbrecher*, where the court possessed both components of jurisdiction, an order entered in violation of a statute is merely voidable. *Castleberry*, 2015 IL 116916, ¶ 15.

¶ 21    We acknowledge previous cases that addressed the "inherent authority" of a court to render a particular judgment and had determined, "that the power to render the particular judgment or sentence is as important an element of jurisdiction as is personal jurisdiction and subject matter jurisdiction." See, *e.g.*, *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002),

*Davis*, 156 Ill. 2d at 156, *People v. Permanian*, 381 Ill. App. 3d 869, 876 (2008), and *Rodriguez*, 355 Ill. App. 3d at 296. *Castleberry* and more recent cases like *LVNV* have sharply called this line of cases into question. Although we agree with defendant that the court improperly dismissed his petition over 90 days from the date it was docketed in violation of the Act (725 ILCS 5/122-2.1(b) (West 1994)), it is impossible for this court to ignore the recent decisions by our supreme court, specifically *Castleberry*, that clearly reflect their decision to refuse to deem orders void based on challenges brought pursuant to the absence of a court's "inherent authority." Further, it is well-settled that "jurisdiction is not affected by an incorrect judgment: jurisdiction or power to render a particular judgment does not mean that the judgment rendered must be the one that should have been rendered, for the power to decide carries with it the power to decide wrong as well as to decide right." (Internal quotation marks omitted.) *Steinbrecher*, 197 Ill. 2d 514, 532 (2001) (quoting *Davis*, 156 Ill. 2d at 156).

¶ 22    It is also worthwhile to note that in the *Castleberry* decision, the court referenced that *Steinbrecher* specifically limited its holding to civil cases and determined that criminal proceedings raised "a separate set of concerns." (Internal quotation marks omitted.) *Castleberry*, 2015 IL 116916, ¶ 16 (quoting *Steinbrecher*, 197 Ill. 2d at 532). Even still, the court in *Castleberry* found that the logic from the civil cases upon which it relied could still be used in the case before it, which involved sentencing a criminal defendant, an important part of the criminal process. *Id.* ¶¶ 18-19. Moreover, we need not explore or ponder the "separate set of concerns" referenced in *Steinbrecher*, because in this case, the order at issue dismissed defendant's postconviction petition, which is a proceeding that is civil in nature rather than criminal. As our supreme court has consistently recognized, "a postconviction proceeding is not part of the criminal process. [Citation.] Rather it is a collateral attack on the judgment of conviction and is *civil* in nature." (Emphasis added.) *People v. Johnson*, 2017 IL 120310, ¶ 30 (citing *People v. Johnson*, 191 Ill. 2d 257, 270 (2000)).

¶ 23    As a final matter, we find it pertinent to address a recent case decided by the Second District, *People v. Alfonso*, 2016 IL App (2d) 130568. Although that case was decided after *Castleberry*, the court reversed the trial court's dismissal of a defendant's postconviction petition after 90 days of its docketing, finding that, "[t]he 90-day time requirement is mandatory and a trial court's noncompliance with the time requirement renders a summary dismissal order void." (Internal quotation marks omitted.) *Id.* ¶ 39 (quoting *People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010)). We depart from the holding in *Alfonso*, because, as stated above, "jurisdiction is not affected by an incorrect judgment." See *Steinbrecher*, 197 Ill. 2d at 532. Further, a decision of one appellate court is not binding on other appellate districts. *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 539-40 (1992).

¶ 24    Merely because the trial court failed to render a decision within 90 days of defendant's first postconviction petition's docketing does not negate the fact that the court still possessed both subject matter and personal jurisdiction. As a result, we find that the court's June 29, 1995, order was voidable, rather than void, and not subject to collateral attack. For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 25    Affirmed.

- 6 -