2022 IL App (2d) 210256-U
No. 2-21-0256
Order filed May 11, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 18-CF-2539 |
| JOSEPH W. FULK, JR., | ) ) | Honorable Alexander F. McGimpsey III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Presiding Justice Bridges and Justice Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: The Appellate Court affirmed the summary dismissal of the defendant's postconviction petition. Defendant's claim was waived, he did not allege the gist of a constitutional violation, and the court that accepted defendant's guilty plea had subject matter jurisdiction.

¶ 2    Defendant, Joseph W. Fulk, Jr., appeals an order summarily dismissing his postconviction petition. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    On November 20, 2018, defendant was charged by indictment with four offenses that allegedly occurred on or about November 1, 2018. Count I alleged aggravated kidnapping (720

ILCS 5/10-2(a)(2), 10-1(a)(1), 10-1(b) (West 2018)), in that defendant "took as his victim D.G. ***, a child under the age of thirteen (13), and secretly confined D.G. against his will, where defendant took D.G. away from [an address in Lombard] without the consent of [A.W.]" Count II alleged attempted aggravated criminal sexual assault (720 ILCS 5/8-4(a), 11-1.20(a)(1), 11-1.30(a)(8) (West 2018)), in that defendant "attempted to commit an act of sexual penetration with [A.W.] while threatening [A.W.] with a firearm." Count III alleged intimidation (720 ILCS 5/12-6(a)(1) (West 2018)), in that defendant, "without lawful authority, and with intent to cause [A.W.] to perform an act, communicated to [A.W.] a threat to inflict physical harm on her, where defendant threatened [A.W.] in order to force [A.W.] into having sexual relations with him." Count IV alleged armed violence (720 ILCS 5/33A-2(a), 3(a) (West 2018)), in that defendant, "while armed with a dangerous weapon, a handgun, committed the offense of intimidation ***, where defendant threatened to physically harm [A.W.], in order to force [A.W.] into having sexual relations with him."

¶ 5    On June 21, 2019, the court held a conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). The record does not contain a transcript of proceedings for this day. The order indicates that the matter was continued to July 5, 2019, "for plea." The order also says that "[t]he State is granted leave to add count 5 by information."

¶ 6    Pursuant to the court's order, the State charged defendant by information with a fifth offense that occurred on or about November 1, 2018. Specifically, count V alleged that defendant committed the offense of unlawful restraint (720 ILCS 5/10-3(a) (West 2018)), because defendant "knowingly without legal authority detained D.G. ***, in that said defendant, who was not a parent of D.G., prevented D.G. from leaving his vehicle, the underlying offense involving facts indicating sexually motivated conduct toward D.G.'s mother as defined in 20 ILCS 4026/10(e)."

¶ 7 On July 5, 2019, the court, Judge George Bakalis presiding, began the proceedings by stating its recollection that the parties had reached a plea agreement. The prosecutor explained that defendant would receive three years in prison on count V, with a "boot camp recommendation." The State would dismiss the remaining counts, defendant would get 51 days of credit toward his sentence for time spent in custody, and defendant would be prohibited from contacting A.W. or her children. Defendant would also pay "mandatory fines and court costs." According to the prosecutor, "[t]his plea agreement also contemplates that the charge defendant is pleading guilty to carries with it a lifetime sex offender registration." Following the prosecutor's explanation of the terms of the agreement, defense counsel said: "That's our understanding, Judge."

¶ 8 In response to the court's questions, defendant confirmed that his understanding of the agreement was in accord with what the prosecutor had explained. The court then admonished defendant about the consequences of pleading guilty, including that "there may be registration requirements that restrict where you may work, live or be present." Defendant said that he understood those consequences and that he wished to proceed with this plea. The court went through the other necessary admonishments to ensure that defendant was entering the plea knowingly and voluntarily.

¶ 9 The prosecutor provided the following factual basis for the plea:

"Your Honor, if this case were to proceed to trial, the State would call Detective Balsitis *** of the Lombard Police Department, who would identify the defendant in open court, state that on or about the 1st day of November, 2018, said defendant, knowingly and without legal authority, detained minor with the initials D.G. ***; in that, said defendant, who was not a parent of minor D.G., prevented D.G. from leaving his vehicle. The underlying offense involving facts indicating sexually motivated conduct towards D.G.'s

mother, as defined in 20 ILCS 4026/10(e).

Specifically, Your Honor, the Detective would testify on that date and time the defendant entered his home with D.G.'s mother [A.W.] at that time [*sic*]. The defendant asked to have sex with [A.W.], and when [A.W.] refused to have sex with him, he attempted to have nonconsensual sex with the victim.

At that point, [A.W.] ran outside of the home, and the defendant exited the home to take D.G. in his car without permission from [A.W.]. The defendant also detained D.G. in his vehicle for approximately 10 minutes, at which time he dropped off D.G. at a nearby gas station. All these events occurring in DuPage County, State of Illinois."

Defense counsel stipulated that, "if witnesses were called, that's what the evidence would be presented [*sic*]."

¶ 10 The court found that there was a factual basis for the plea and that defendant entered it voluntarily. The court accepted the plea and sentenced defendant in accordance with the terms of the agreement, including that "[t]he defendant will be required to register as a lifetime sex offender." The court admonished defendant that, if he wished to appeal, he would need to file a motion within 30 days seeking to withdraw his plea and vacate the judgment.

¶ 11 On August 14, 2019, by agreement of the parties, the court modified the judgment to give defendant 52 days of sentence credit instead of 51. Defendant did not file a timely motion to withdraw his plea, nor did he file a notice of appeal.

¶ 12 On March 3, 2021, defendant, through different counsel, filed a petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). Defendant contended that he should not be required to register as a sex offender, but that his plea agreement should otherwise remain intact. He reasoned as follows. He pleaded guilty to one count of unlawful

restraint of D.G. Under defendant's statutory interpretation, he could be required to register as a sex offender for that offense only if his conduct were sexually motivated *toward D.G.* However, the stipulated statement of facts at defendant's plea hearing showed that his sexual motivation was directed toward A.W. Moreover, defendant's sexual conduct toward A.W. had "terminated" by the time that defendant committed the offense of unlawful restraint of D.G. The court that accepted the plea also failed to make any finding that defendant had a sexual motivation directed toward D.G. Thus, defendant reasoned, he should not be required to register as a sex offender, and such requirement was "invalid and voidable."

¶ 13    In his petition, defendant framed his argument as a challenge to the sufficiency of the factual basis for the plea required by Illinois Supreme Court Rule 402(c) (eff. July 1, 2012). He also claimed that his requirement to register as a sex offender was the result of a misapprehension of the law or the facts ("[T]he plea agreement was entered into under a *misapprehension* of law or fact, which is voidable as an improper sentencing requirement based upon the facts in this instance." (Emphasis in original.)). Defendant further asserted that having to register as a sex offender without an adequate factual basis was a "substantial denial of [his] constitutional rights pursuant to the 14th Amendment to the U.S. Constitution regarding equal protection, due process, and fundamental fairness." He added that his "rights were also denied under the 6th Amendment to the U.S. Constitution and the Illinois State counterparts."

¶ 14    Defendant supported his petition with his own affidavit and an affidavit from his postconviction counsel. Both affidavits reiterated the legal arguments presented in the petition.

¶ 15    On May 7, 2021, the court, Judge Alex McGimpsey presiding, summarily dismissed defendant's postconviction petition. After analyzing the relevant statutes and case law, the court determined that the factual basis presented at defendant's plea hearing "more than satisfies the low

standard of establishing the offense was sexually motivated" to require registration as a sex offender. On that point, the court reasoned that "the sexually motivated conduct here was integrally related to the underlying offense and part of the same criminal transaction." However, even if the factual basis for the plea were insufficient, the court determined that defendant had not alleged a violation of his constitutional rights. The court explained that case law established that "the imposition of a registration requirement does not implicate a liberty or property interest under the Due Process Clause." Finally, the court noted that defendant's registration requirement was imposed as part of a fully negotiated plea agreement, and defendant failed to file a proper motion within 30 days of the judgment. In the court's view, contract principles would have required defendant to file a timely motion to withdraw his plea in its entirety, not file a postconviction petition two years later challenging only a portion of the plea agreement.

¶ 16    Defendant filed a timely notice of appeal.

¶ 17                                II. ANALYSIS

¶ 18    At issue on appeal is whether the court properly summarily dismissed defendant's petition. Defendant reiterates his position that the factual basis for his plea did not give rise to a statutory requirement to register as a sex offender, as his sexual motivation was directed toward A.W., not D.G. Defendant contends that, because the offense to which he pleaded guilty was not sexually motivated, he instead should be required to register pursuant to the Murderer and Violent Offender Against Youth Registration Act (730 ILCS 154/1 *et seq.* (West 2020)). The State responds preliminarily that defendant waived his claim by pleading guilty and then failing to file a timely motion to withdraw his plea and vacate the judgment. The State further maintains that defendant's claim lacks substantive merit, as his arguments are not of constitutional magnitude and his statutory interpretation is incorrect.

¶ 19    The Act provides a method whereby a person imprisoned in the penitentiary may assert that his or her conviction was the result of a substantial denial of constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2020). Here, the trial court summarily dismissed defendant's petition at the first stage of the proceedings. At the first stage, the trial court independently reviews the petition, taking the allegations as true (*People v. Tate*, 2012 IL 112214, ¶ 9), to determine whether the petition is "frivolous or *** patently without merit" (725 ILCS 5/122-2.1(a)(2) (West 2020)). The court may summarily dismiss a petition as frivolous or patently without merit only if it has "no arguable basis either in law or in fact." *Tate*, 2012 IL 112214, ¶ 9. Although the petition must "clearly set forth the respects in which petitioner's constitutional rights were violated" (725 ILCS 5/122-2 (West 2020)), the threshold for surviving the first stage is low (*People v. Hodges*, 234 Ill. 2d 1, 9 (2009)). The defendant must set forth only the gist of a constitutional claim, which means that the petition contains "enough facts to make out a claim that is arguably constitutional." *Hodges*, 234 Ill. 2d at 9. We review *de novo* an order summarily dismissing a postconviction petition. *Hodges*, 234 Ill. 2d at 9.

¶ 20    We hold that the trial court properly summarily dismissed defendant's petition, as it was frivolous and patently without merit. We need not address the parties' dispute as to whether defendant's requirement to register as a sex offender was statutorily authorized under the facts adduced at the plea hearing. Even if defendant were correct that this aspect of the judgment was erroneous, as we explain below, defendant waived his claim by knowingly and voluntarily pleading guilty. Defendant also fails to articulate why his claim implicates any constitutional rights, which is a prerequisite for relief under the Act. Finally, defendant is incorrect in arguing that his requirement to register as a sex offender is void.

¶ 21    A postconviction petition may be summarily dismissed where the defendant has waived his claims. *People v. Blair*, 215 Ill. 2d 427, 442 (2005). Here, by knowingly and voluntarily entering a fully negotiated plea agreement that included the requirement to register as a sex offender, defendant " 'waive[d] all non-jurisdictional errors or irregularities, *including constitutional ones*.' " (Emphasis in original.) *People v. Jones*, 2021 IL 126432, ¶ 20 (quoting *People v. Sophanavong*, 2020 IL 124337, ¶ 33). The record confirms that defendant understood and agreed that one condition of his plea agreement was that he would have to register as a sex offender. In his postconviction petition, defendant did not dispute the voluntariness of his plea. He simply questioned the statutory basis for having to register as a sex offender. Having failed to raise this argument in an appropriate motion within 30 days of his plea pursuant to Rule 604(d) (eff. July 1, 2017), defendant waived his right to challenge his obligation to register as a sex offender.

¶ 22    Moreover, in his postconviction petition, defendant failed to allege an arguable violation of his constitutional rights, which is a prerequisite to obtaining relief under the Act. See *Hodges*, 234 Ill. 2d at 9 (at the first stage of postconviction proceedings, a defendant must allege "enough facts to make out a claim that is arguably constitutional"). Defendant did not dispute his guilt of the offense to which he pleaded guilty. Rather, he challenged the factual basis supporting his requirement to register as a sex offender. Without any meaningful explanation or analysis, defendant proposed that the insufficient factual basis violated various constitutional provisions. On appeal, defendant similarly uses terms such as "substantive due process" and "fundamental fairness," without specifically explaining why his claim implicates constitutional rights. For example, defendant acknowledges that his conviction should subject him to registration requirements, albeit pursuant to the Murderer and Violent Offender Against Youth Registration Act rather than the Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 2020)).

Defendant never attempts to explain why he has a constitutional right to register under one statutory scheme rather than the other. Defendant fails to present the gist of an argument that his claim implicates a violation of his constitutional rights.

¶ 23    Perhaps foreseeing our ruling on those points, in his reply brief on appeal, defendant recasts his claim as an attack on a void judgment, which may be challenged at any time and in any forum. However, the judgment here was not void. In *People v. Castleberry*, 2015 IL 116916, our supreme court abandoned the "void sentence rule," which previously had stated that " '[a] sentence which does not conform to a statutory requirement is void.' " *Castleberry*, 2015 IL 116916, ¶ 1 (quoting *People v. Arna*, 168 Ill. 2d 107, 113 (1995)). The court explained that the void sentence rule was predicated on the erroneous assumption that a court acts without inherent authority or power if it violates statutory requirements. *Castleberry*, 2015 IL 116916, ¶ 13. In *Castleberry*, the court clarified that a judgment is void, and thus subject to attack at any time, only if the trial court lacked either subject matter jurisdiction or personal jurisdiction. *Castleberry*, 2015 IL 116916, ¶¶ 11-12. "Subject matter jurisdiction refers to a court's power 'to hear and determine cases of the general class to which the proceeding in question belongs.' " *Castleberry*, 2015 IL 116916, ¶ 12 (quoting *In re M.W.*, 232 Ill. 2d 408, 415 (2009)). "Personal jurisdiction refers to the court's power 'to bring a person into its adjudicative process.' " *Castleberry*, 2015 IL 116916, ¶ 12 (quoting *M.W.*, 232 Ill. 2d at 415). Under *Castleberry*'s standards, the trial court here unquestionably had both subject matter jurisdiction and personal jurisdiction over defendant when the court accepted his guilty plea.

¶ 24    Nevertheless, defendant insists that the court lacked subject matter jurisdiction to order him to register as a sex offender, as such judgment was not authorized by law. He reasons:

"The *Castleberry* court did not expand the holding beyond its facts, but limited its definition of a void judgment in only the most fundamental defects, i.e. a lack of personal or subject matter jurisdiction, not a defective statutory element. Petitioner maintains that *Castleberry* has no application in this matter, which involves a fundamental flaw regarding a lack of subject matter jurisdiction flowing from the manner in which Count 5 was drafted by applying sexual motivation to Count 5 from a different count with a different victim. The lower court lacked subject matter jurisdiction of a crime that, as drafted, did not exist. Here, the remaining principles of an invalid/void judgment still apply, which were not disturbed by *Castleberry*."

Defendant cites numerous cases predating *Castleberry*, many of which explicitly invoked the now-abandoned void sentence rule.

¶ 25    Defendant's narrow reading of *Castleberry* is misguided. *Castleberry* is clear that subject matter jurisdiction means that a court has the power to hear and determine cases of the general class to which the proceeding in question belongs. *Castleberry*, 2015 IL 116916, ¶ 12. Plainly, the court here had that power. Defendant is also mistaken that the charge to which he pleaded guilty "did not exist" or that there was a "defective statutory element." Unlawful restraint is a criminal offense, and the State's factual basis at defendant's plea hearing addressed each element of that offense. See 720 ILCS 5/10-3(a) (West 2018) ("A person commits the offense of unlawful restraint when he or she knowingly without legal authority detains another.").

¶ 26    Throughout his reply brief, defendant repeatedly asserts that his requirement to register as a sex offender was unauthorized by law. Even if true, this does not mean that the court lacked subject matter jurisdiction. "[I]t is well-settled that 'jurisdiction is not affected by an incorrect judgment: jurisdiction or power to render a particular judgment does not mean that the judgment

rendered must be the one that should have been rendered, for the power to decide carries with it the power to decide wrong as well as to decide right.' " *People v. Williams*, 2017 IL App (1st) 123357-B, ¶ 21 (quoting *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 532 (2001)).

¶ 27    In summary, defendant waived his claim by pleading guilty, and he failed to allege a postconviction claim involving an arguable violation of his constitutional rights. The judgment was not void. Accordingly, defendant's postconviction petition was frivolous and patently without merit, and the trial court properly summarily dismissed it.

¶ 28                                III. CONCLUSION

¶ 29    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 30    Affirmed.