**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210541-U

Order filed March 28, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-21-0541 |
| | ) | Circuit No. 06-CF-904 |
| | ) | |
| KERWIN D. DOSS, | ) | Honorable |
| | ) | Carmen Goodman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justices Brennan and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:  The defendant's petition for relief from judgment was untimely, and he failed to show due diligence.

¶ 2        The defendant, Kerwin D. Doss, appeals the denial of his petition for relief from judgment, arguing that this court should *sua sponte* modify his sentences to run concurrently as the court erroneously referred to an incorrect criminal record during sentencing.

¶ 3                                I. BACKGROUND

¶ 4        After a jury trial in July 2007, the defendant was convicted of aggravated vehicular hijacking (720 ILCS 5/18-4(a)(2) (West 2006)) and armed robbery (720 ILCS 5/18-2(a)(2) (West 2006)). The court sentenced the defendant to 28 years and 17 years of imprisonment, respectively. The court ordered the sentences to run consecutively.  The defendant received day-for-day credit and credit for 653 days served. The defendant filed a motion to reconsider sentence, which was denied. The defendant had multiple, unsuccessful attempts to challenge his conviction. *People v. Doss*, No. 3-08-0140 (2010) (unpublished order under Supreme Court Rule 23) (the defendant's direct appeal); *People v. Doss*, 2013 IL App (3d) 110334-U (the defendant's postconviction petition); *People v. Doss*, 3-18-0220 (unpublished order under Supreme Court Rule 23) (the defendant's successive postconviction petition).

¶ 5        In December 2020, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2020)). He argued, *inter alia*, that his sentence was void as the sentencing judge erroneously relied on non-existent prior convictions in sentencing him to consecutive terms. The defendant argued that he had not committed the crimes the court mentioned, and the court must have considered someone else's criminal history.

¶ 6        The State filed a combined motion to dismiss the petition. 735 ILCS 5/2-619.1 (West 2020). In May 2021, the court granted the State's motion to dismiss, finding that the petition was untimely and failed to state a cause of action. The defendant filed a motion to reconsider, which was denied.

¶ 7                                        II. ANALYSIS

¶ 8        On appeal, the defendant argues that the circuit court's "erroneous consideration in aggravation of prior convictions that cannot be attributable to [the defendant] creates a duty for

this Court to *sua sponte* modify [his] sentences to run concurrently."

¶ 9        Section 2-1401 of the Code provides a procedure permitting vacatur of final judgments and orders after 30 days of their entry. *People v. Coleman*, 206 Ill. 2d 261, 288 (2002); 735 ILCS 5/2-1401(a) (West 2020). In order to obtain relief under section 2-1401, the defendant must show (1) a defense or claim that would have precluded entry of the judgment in the original action and (2) due diligence in discovering the claim and presenting the petition. *People v. Vincent*, 226 Ill. 2d 1, 7-8 (2007). A section 2-1401 petition must be filed within two years after the challenged judgment, unless the person seeking relief was under a legal disability or duress or the grounds for relief were fraudulently concealed. *People v. Pinkonsly*, 207 Ill. 2d 555, 562 (2003) (citing 735 ILCS 5/2-1401(c) (West 2002)). These requirements do not apply when a defendant seeks to vacate a void judgment. *People v. Carrasquillo*, 2020 IL App (1st) 180534, ¶¶ 35, 43. When a petition for relief from judgment presents a fact-dependent challenge, we review the circuit court's decision on the petition for an abuse of discretion. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 51.

¶ 10       At the outset, the defendant has abandoned his contention that his sentence is void, as the supreme court abolished the void sentence rule in *People v. Castleberry*, 2015 IL 116916, and he admits that the circuit court had jurisdiction and the judgment was not based on a facially unconstitutional statute. See *People v. Thompson*, 2015 IL 118151, ¶¶ 29-40. Moreover, he notes that he "is not excused for failing to file his 2-1401 petition prior to the two-year statute of limitations." Despite the untimeliness, he asks that we consider his petition in the interest of equity.

¶ 11       Even if we were to excuse the defendant's untimeliness and consider his petition, he has failed to show due diligence. "Due diligence requires the section 2-1401 petitioner to have a reasonable excuse for failing to act within the appropriate time." *Smith v. Airoom, Inc.*, 114 Ill. 2d

3

209, 222 (1986). Section 2-1401 "is not intended to relieve a litigant of the consequences of his own mistake or negligence." *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 38. We may consider equitable considerations to relax the applicable due diligence standards in limited circumstances. *Id.* ¶ 51.

¶ 12        Here, the defendant has had ample opportunity to raise this issue. He filed a direct appeal and two postconviction petitions, none of which raised the issue. The defendant argues that he acted diligently because he originally "focus[ed] on proving his innocence" in his prior appeals, and only considered this sentencing issue once his innocence claims were exhausted. This does not show due diligence. Because the defendant's petition was untimely and he failed to show due diligence, we find that the court did not abuse its discretion in dismissing the petition.

¶ 13                                        III. CONCLUSION

¶ 14        For these reasons, the judgment of the circuit court of Will County is affirmed.

¶ 15        Affirmed.