**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190658-U

Order filed June 7, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0658 Circuit No. 01-CF-901 |
| | ) | |
| JARVIS NEELY, | ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice O'Brien and Justice Daugherity concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The court did not err in *sua sponte* dismissing defendant's section 2-1401 petition.

¶ 2     Defendant, Jarvis Neely, appeals the Peoria County circuit court's *sua sponte* dismissal of his section 2-1401 petition. Defendant argues that the court improperly dismissed his petition because the court did not give him prior notice and his petition has merit. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4 　　　In 2003, defendant was found guilty of the first degree murder (720 ILCS 5/9-1 (a)(1), (a)(2) (West 2000)) of Officer Donan Faulkner and sentenced to a mandatory minimum sentence of natural life imprisonment. Defendant was 18 years old at the time he committed the offense. Defendant, in a videotaped statement, admitted to shooting Faulkner five times and defense counsel conceded in closing argument that the confession was voluntary. In addition, this court previously summarized the evidence against defendant as follows:

> "The evidence adduced at trial, in relevant part, established that Faulkner was shot and killed around midnight on September 19 or 20, 2001. Defendant's uncle, Tyrone Neely, testified that when he saw defendant that night, defendant told him he had been in an altercation with a police officer. Defendant handed Tyrone a firearm and asked him to 'get rid of it.' Tyrone disposed of the firearm, but later that day took investigators to the area in which it was disposed. Investigators recovered the firearm. Blood found on the firearm matched Faulkner's, and the bullets removed from Faulkner's body matched those from the firearm. A fingerprint from the magazine matched that of defendant." *People v. Neely*, No. 3-16-0358 (2018) (unpublished dispositional order).

Defendant unsuccessfully asserted that he acted in self-defense at trial.

¶ 5 　　　Defendant filed an unsuccessful direct appeal and various unsuccessful postconviction challenges to his conviction. *People v. Neely*, No. 3-03-0845 (2006) (unpublished order under Illinois Supreme Court Rule 23); *People v. Neely*, No. 3-08-0095 (2009) (unpublished order under Illinois Supreme Court Rule 23); *People v. Neely*, No. 3-14-0210 (2015) (unpublished dispositional order); *Neely*, No. 3-16-0358. Defendant's initial postconviction petition included an allegation that trial counsel was ineffective for not tendering an involuntary manslaughter

instruction. *Neely*, No. 3-08-0095. Another such challenge, a motion for leave to file a successive postconviction petition, argued that the State withheld certain laboratory reports pertaining to fingerprint evidence. *Neely*, No. 3-16-0358. The court denied the motion and defendant appealed. *Id.* This court affirmed and allowed appellate counsel's motion to withdraw. *Id.* In affirming, this court addressed defendant's contentions regarding the allegedly withheld evidence and determined that the evidence against defendant was overwhelming and that the purportedly withheld evidence was not of such a conclusive nature that it would have probably changed the result of trial. *Id.*

¶ 6      In July 2019, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)). He argued that the judgment against him was void. In support of that argument, he asserted that the grand jury was never properly sworn in and impaneled, and he was not granted a preliminary hearing such that the court did not have subject matter or personal jurisdiction over him. Defendant further asserted a *Brady v. Maryland*, 373 U.S. 83 (1963) violation regarding laboratory records pertaining to fingerprint evidence and argued that the claim was not adjudicated because his appellate counsel withdrew and did not provide reasonable assistance. Last, defendant made an as-applied constitutional challenge to his mandatory life sentence. Specifically, defendant argued his sentence violated the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution. Defendant alleged that: (1) he was 18 years old at the time of the crime; (2) "[h]e was youthful and the evidence of coercion to make a confession was present"; (3) his criminal history consisted of one juvenile drug offense and did not include any violent offenses; (4) his father was absent and spent time in prison; (5) he did not graduate high school but did obtain his general education diploma; (6) he was raised by his aunt

3

and uncle; and (7) his mother was 16 years old when he was born. Additionally, defendant noted that he previously stated in a postconviction petition "that he was not the shooter and that he was beaten and coerced to falsely confess." Defendant also alleged that science supports the propositions that young adult's brains are still developing, and young adults are more subject to peer pressure to commit crimes, have a high capacity for reform or rehabilitation, and are more volatile and emotionally charged.

¶ 7        On October 8, 2019, the court dismissed the petition *sua sponte*. It noted that there was no proof of service upon the State as required by Supreme Court Rules 105 and 106, but that it found "constructive service upon the State by courtroom clerk notation that the State's Attorneys office was served with a copy on July 16, 2019." The court found that it had proper personal and subject matter jurisdiction. Further, it found that *res judicata* precluded several of defendant's claims, the ineffective assistance of counsel claims are not properly brought in a section 2-1401 petition, and that "[d]efendant was 18 years old at the time of the murder, thus, constitutional case law applicable to life sentences for crimes committed when a juvenile do not strictly apply." Defendant appeals.

¶ 8                                    II. ANALYSIS

¶ 9        Defendant argues the court erred in dismissing his section 2-1401 petition. We review the circuit court's decision to dismiss a section 2-1401 petition *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 17 (2007).

¶ 10                       A. Timeliness of the Section 2-1401 petition

¶ 11        Initially, we note that the State argues that the court's dismissal was proper because defendant's petition was untimely as it was filed more than two years after judgment was entered.

¶ 12    "A section 2-1401 petition filed more than two years after the challenged judgment cannot be considered absent a clear showing that the person seeking relief was under a legal disability or duress or the grounds for relief were fraudulently concealed." *People v. Pinkonsly*, 207 Ill. 2d 555, 562 (2003); see also 735 ILCS 5/2-1401(c) (West 2018). "If the party opposing the section 2-1401 petition does not raise the limitations period as a defense, it may be waived." *Pinkonsly*, 207 Ill. 2d at 562.

¶ 13    Here, the State failed to raise the issue of timeliness below, and therefore it waived this argument.

¶ 14                                B. *Sua Sponte* Dismissal

¶ 15    Defendant argues that the court erred by *sua sponte* dismissing his petition instead of addressing the merits when the State failed to respond and more than 30 days had passed since the State was served. Further, he argues that the court should have given him notice and an opportunity to respond prior to the dismissal. This argument necessarily fails because our supreme court has addressed this issue and determined that a court may *sua sponte* dismiss a section 2-1401 petition without providing defendant notice and an opportunity to be heard. See *Vincent*, 226 Ill. 2d at 9-14.

¶ 16                             C. Jurisdiction and Void Judgment

¶ 17    Defendant argues that the circuit court did not have personal or subject matter jurisdiction because the grand jury was not properly impaneled, and he was not given a preliminary hearing prior to being indicted. Based on these arguments, defendant contends that his conviction is void. He further argues that because his sentence is unconstitutional as applied to him (*infra* ¶¶ 18-24), it is likewise void.

¶ 18    A judgment is void if it was entered by a court lacking jurisdiction or "was based on a statute that is facially unconstitutional and void *ab initio*." *People v. Abdullah*, 2019 IL 123492, ¶ 13. The court in *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002), defined subject matter jurisdiction as "the power of a court to hear and determine cases of the general class to which the proceeding in question belongs" and determined this jurisdiction extends to all justiciable matters. Here, the court had subject matter jurisdiction, as it had the power to hear and determine criminal proceedings. See *People v. Castleberry*, 2015 IL 116916, ¶ 18 (court's subject matter jurisdiction derives from article VI, section 9, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 9)). Additionally, the court had personal jurisdiction over defendant as he personally appeared before it. See *People v. Woodall*, 333 Ill. App. 3d 1146, 1156 (2002) ("A criminal defendant confers personal jurisdiction upon the trial court when he appears and joins the issues with a plea."). Further, although defendant argues his sentence is unconstitutional, he does not make an argument that the statute he was sentenced under was facially unconstitutional, rather he argues it is unconstitutional as applied to him. Based on the foregoing, we conclude that neither defendant's conviction nor sentence is void.

¶ 19              D. As-applied Constitutional Challenge to Sentence

¶ 20    Defendant argues that his as-applied constitutional challenge to his mandatory life sentence should not have been dismissed. He argues that he was 18 at the time of the offense and that in light of scientific research showing that emerging adult brains are still developing, and his specific background and characteristics at the time of the offense, his mandatory life sentence violates the proportionate penalties clause of the Illinois Constitution and the eighth amendment of the United States Constitution as applied to him. The State argues that this claim is more appropriately brought in a postconviction petition, and it lacks merit.

6

¶ 21    First, while defendant could have brought this as-applied challenge in a postconviction proceedings, he is not precluded from pursuing it in a section 2-1401 petition. Despite language in *Pinkonsly*, 207 Ill. 2d at 565-66, generally indicating that a section 2-1401 petition may not be the proper vehicle to raise a violation of constitutional rights and is intended to address factual issues, our supreme court has since specifically indicated that the type of as-applied constitutional claim that defendant raises here may be brought in a section 2-1401 petition. See *People v. Thompson*, 2015 IL 118151, ¶ 44; *People v. Harris*, 2018 IL 121932, ¶ 48.

¶ 22    We now turn to whether the claim was otherwise properly dismissed. "Relief under section 2-1401 is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition." *Vincent*, 226 Ill. 2d at 7-8. "[I]f the respondent does not answer the petition, this constitutes an admission of all well-pleaded facts [citation], and the trial court may decide the case on the pleadings, affidavits, exhibits and supporting material before it, including the record of the prior proceedings." *Id.* at 9. If the respondent fails to answer a petition, it renders the petition "ripe for adjudication." *Id.* at 10.

¶ 23    At the outset, we note that in *People v. House*, 2021 IL 125124, ¶¶ 31-32, the supreme court concluded that a reviewing court could not determine that a defendant's sentence violated the proportionate penalties clause as applied to him without a developed evidentiary record and factual findings and remanded the matter for second-stage postconviction proceedings so the record could be developed further. However, *House* involved a postconviction petition whereas the instant matter involves a section 2-1401 petition which are separate methods of collateral attack on a judgment. Because these two avenues for relief are different and involve different procedures, *House* does not dictate that a remand for further proceedings is necessary in this

case. To the contrary, further proceedings are not warranted here because it is ripe for adjudication, as the State failed to answer the petition and thus, the well-pleaded facts are accepted as true and the matter may be decided on the pleadings and the record of the prior proceedings. See *Vincent*, 226 Ill. 2d at 9-10.

¶ 24 "Statutes are presumed constitutional, and petitioner must overcome that presumption by clearly establishing that the mandatory sentencing statute at issue is invalid when applied to him." *House*, 2021 IL 125124, ¶ 18. The eighth amendment to the United States Constitution prohibits cruel and unusual punishments which include those that are disproportionate to the offense. *People v. McKee*, 2017 IL App (3d) 140881, ¶ 25. Under the Illinois Constitution "[a] statute may be deemed unconstitutionally disproportionate if *** the punishment for the offense is cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community." *People v. Miller*, 202 Ill. 2d 328, 338 (2002).

¶ 25 Accepting defendant's well-pled allegations[1] as true, we cannot say that his mandatory life sentence is cruel, degrading or so disproportionate to the first degree murder of a police

---

[1]We note that defendant alleged that he previously stated in a postconviction petition that he was not the shooter. While we would generally be required to accept this allegation as true, we note that it has no bearing on the determination of his as-applied constitutional challenge, and we need not consider it in our analysis. First, defendant's allegation that he was not the shooter has no bearing on his challenge to the length of his sentence. If defendant was able to establish his innocence, then no sentence would be appropriate. Defendant has not raised an actual innocence claim, and thus, we must view the constitutionality of his sentence in light of his conviction of first degree murder for shooting an officer multiple times. Second, we are allowed to consider the record of the prior proceedings in deciding the matter (see *Vincent*, 226 Ill. 2d at 9) and that allegation is rebutted by the record, as defendant was convicted of first degree murder and the evidence supports that conviction because defendant's fingerprints were on the magazine from the firearm used to shoot Faulkner, and defendant's uncle testified that defendant (1) gave him the firearm used to shoot Faulkner, (2) said he had been in an altercation with a police officer, and (3) told him to dispose of the firearm. Further, defendant's initial postconviction petition argued that counsel was ineffective for failing to tender an involuntary manslaughter instruction, which would indicate defendant was indeed the shooter. We likewise decline to accept as true defendant's allegations that he was coerced into a false confession. See, *e.g. McClean v. Rockford Country Club*, 352 Ill. App. 3d 229, 232 (2004) (noting, in regard to a motion to dismiss wherein the court conducts a similar inquiry regarding the sufficiency of the pleadings in light of

officer as to shock the moral sense of the community. See, *e.g.*, *McKee*, 2017 IL App (3d) 140881, ¶¶ 22-36. Defendant was legally an adult at the time of the offense. He was not simply an accomplice or complicit in the crime, but instead was the principle—the only shooter. Further, he not only shot Faulkner once, but multiple times. Even accepting defendant's allegations regarding the science involving the brain development of young adults, he provides no allegations as to how it applied to his circumstances or somehow lessened his culpability in this crime so as to justify a finding that his life sentence shocks the moral sense of the community. Therefore, the circuit court properly dismissed this claim.

¶ 26                                    E. *Brady* Violation

¶ 27        Defendant argues that the State committed a *Brady* violation by withholding certain laboratory reports regarding fingerprint evidence. However, this claim was previously raised and decided against defendant. *Supra* ¶ 5. Therefore, it is barred by the doctrine of *res judicata* and was properly dismissed. See *People v. Blair*, 215 Ill. 2d 427, 443 (2005) (providing that "[t]he doctrine of *res judicata* bars consideration of issues that were previously raised and decided"); see also *People v. Haynes*, 192 Ill. 2d 437, 461 (2000) ("Points previously raised at trial and other collateral proceedings cannot form the basis of a section 2-1401 petition for relief."). Therefore, the court properly dismissed this claim.

¶ 28                   F. Ineffective/Unreasonable Assistance of Counsel

¶ 29        Defendant argues that appellate counsel was ineffective or provided unreasonable assistance for not raising his *Brady* claim. However, such claims are not properly brought in a section 2-1401 petition. See *Pinkonsly*, 207 Ill. 2d at 567 ("We have long held that section 2-

_____

accepting well-pled facts, that neither "conclusions of law [n]or factual conclusions that are unsupported by allegations of specific facts" are taken as true).

9

1401 proceedings are not an appropriate forum for ineffective-assistance claims because such claims do not challenge the factual basis for the judgment."). To the extent defendant's petition raised additional ineffective or unreasonable assistance claims, they too cannot be brought in section 2-1401 proceeding. Therefore, the court properly dismissed these claims.

¶ 30                               III. CONCLUSION

¶ 31          The judgment of the circuit court of Peoria County is affirmed.

¶ 32          Affirmed.