**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 190528-U

Order filed May 5, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Mercer County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0528 Circuit No. 06-CF-40 |
| | ) | |
| RYAN SPENCER ROSS BELL, | ) ) | Honorable James G. Conway Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Daugherity and Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The circuit court erred by denying defendant's petition for relief from judgment because our supreme court's decision in *People v. Castleberry*, 2015 IL 116916, applied retroactively to the case, such that both the appellate court order vacating defendant's sentence and the circuit court's sentencing judgment were void and subject to collateral attack.

¶ 2    Defendant, Ryan Spencer Ross Bell, appeals the Mercer County circuit court's dismissal of his petition for relief from judgment, arguing that our order vacating his sentence and the circuit court's sentencing judgment were void. We reverse and remand.

¶ 3                                  I. BACKGROUND

¶ 4        The State charged defendant with five counts of criminal sexual assault (720 ILCS 5/12-13(a)(2) (West 2006)) and two counts of battery (*id.* § 12-3).

¶ 5        Defendant pled guilty to one count of criminal sexual assault and the State dismissed the remaining charges. The court sentenced defendant to 20 years' imprisonment and 2 years' mandatory supervised release (MSR). Defendant filed a motion to withdraw his guilty plea and vacate judgment, which the court denied. On appeal, we affirmed defendant's conviction and sentence. *People v. Bell*, No. 3-07-0602 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6        After the court denied defendant's motion for leave to appeal, defendant filed a petition for postconviction relief. After an evidentiary hearing, the court denied defendant's postconviction petition. On appeal, we affirmed the court's denial of the petition. *People v. Bell*, 2011 IL App (3d) 090846-U.

¶ 7        Without first seeking leave to file, defendant filed a second petition for postconviction relief, arguing his sentence was void because the court imposed a two-year MSR term instead of the statutorily mandated three years to life. See 730 ILCS 5/5-8-1(d)(4) (West 2006). Ultimately, the court dismissed defendant's second postconviction petition. On appeal, we found that "the two-year MSR term imposed by the trial court is void, as it was not authorized by statute," vacated the MSR term, and remanded the case so the circuit court could impose a proper MSR term of three years to life. *People v. Bell*, No. 3-13-0349 (2015) (unpublished dispositional order).

¶ 8        While the case was pending on remand, the Illinois Supreme Court filed *People v. Castleberry*, 2015 IL 116916, ¶ 19, which abolished the void sentencing rule.

2

¶ 9 Approximately two years later, the circuit court filed an amended sentencing order reflecting the statutorily mandated MSR term of three years to life. See 730 ILCS 5/5-8-1(d)(4) (West 2006).

¶ 10 Subsequently, defendant filed a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)) arguing that the amended sentencing order was void. The court dismissed defendant's motion. Defendant appeals.

¶ 11 II. ANALYSIS

¶ 12 Defendant argues the circuit court erred by dismissing his petition for relief from judgment because our order vacating his MSR term and the circuit court's sentencing judgment were void. We agree. The Illinois Supreme Court's decision in *Castleberry* applied retroactively to defendant's case, rendering our order and the subsequent sentencing judgment void and subject to collateral attack.

¶ 13 We review *de novo* the dismissal of a petition for relief from judgment. *People v. Laugharn*, 233 Ill. 2d 318, 322 (2009).

¶ 14 In *Castleberry*, our supreme court abolished the void sentencing rule, which declared void any sentence that did not conform to statutory requirements. *Castleberry*, 2015 IL 116916, ¶ 1. A void judgment is entered by a court lacking jurisdiction and may be attacked directly or indirectly at any time; a voidable judgment is erroneously entered by a court having jurisdiction and is not subject to collateral attack. *Id.* ¶ 11. After *Castleberry*, a sentence that does not conform to statutory requirements is voidable, not void. *People v. Price*, 2016 IL 118613, ¶ 17.

¶ 15 Under the general rule of retroactivity, Illinois Supreme Court "decisions apply to all cases that are pending when the decision is announced, unless [the supreme] court directs otherwise." (Internal quotation marks omitted.) *Id.* ¶ 27 (quoting *People v. Granados*, 172 Ill. 2d

3

358, 365 (1996)). In *Price*, our supreme court affirmed that, after *Castleberry*, it was "no longer valid to argue that a sentence that does not conform to a statutory requirement is void." (Internal quotation marks omitted.) *Id.* (quoting *People v. Thompson*, 2015 IL 118151, ¶ 33). The *Price* court held that the *Castleberry* decision applied retroactively to the case at hand because the defendant's section 2-1401 petition was pending in the appellate court when *Castleberry* was announced. *Id.* ¶ 35.

¶ 16    Here, defendant's case was also pending when *Castleberry* was announced, as our 2015 order vacated defendant's MSR—and, by extension, the rest of his sentence—and remanded with instructions. See *People v. Lee*, 2012 IL App (4th) 110403, ¶ 32 ("Defendant's prison term and MSR are a part of the same sentence, not two different sentences."). Therefore, *Castleberry* applies retroactively to the instant case. See *Price*, 2016 IL 118613, ¶ 35.

¶ 17    Applying *Castleberry*, defendant's statutorily nonconforming MSR term was voidable, not void. *Castleberry*, 2015 IL 116916, ¶ 11. Since voidable sentences are not subject to collateral attack, we lacked jurisdiction to vacate defendant's MSR term *sua sponte* and remand the case. See *id.* After *Castleberry* was decided, the circuit court should have applied its holding to the instant case instead of carrying out our instructions on remand, as our jurisdiction to vacate defendant's MSR term had been eliminated. See *People v. Miller*, 2019 IL App (1st) 161687, ¶ 40 ("[I]f an appellate court issues an opinion, and the supreme court then issues an opinion eliminating the basis for the appellate court opinion, thereby rendering it no longer good law, a trial court must apply the supreme court opinion, first and foremost."). After *Castleberry*, our order vacating defendant's sentence and the subsequent sentencing judgment in the circuit court were void for lack of appellate jurisdiction, and were subject to collateral attack. See *Castleberry*, 2015 IL 116916, ¶ 11.

¶ 18    The State argues that defendant's case was not pending when *Castleberry* was filed. However, when we vacated defendant's MSR term in our 2015 order, we necessarily vacated defendant's sentence. See *Lee*, 2012 IL App (4th) 110403, ¶ 32 ("Defendant's prison term and MSR are a part of the same sentence, not two different sentences."). Therefore, defendant's case was pending when *Castleberry* was filed, and *Castleberry* applies retroactively. See *Price*, 2016 IL 118613, ¶ 35.

¶ 19    The circuit court erred by dismissing defendant's section 2-1401 petition, as our order vacating defendant's MSR term and the circuit court's sentencing judgment were void and subject to collateral attack. We make no determination regarding the petition's ultimate merits.

¶ 20                            III. CONCLUSION

¶ 21    The judgment of the circuit court of Mercer County is reversed and remanded.

¶ 22    Reversed and remanded.