**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 210580-U

Order filed March 30, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Mercer County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-21-0580 Circuit No. 06-CF-40 |
| | ) | |
| RYAN SPENCER ROSS BELL, | ) ) | The Honorable James G. Conway, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Justices Brennan and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   On remand, the trial court erred by failing to vacate its 2017 amended sentencing order as directed by this court in its 2021 Rule 23 order. The court properly denied the defendant's section 2-1401 motion to withdraw his 2006 guilty plea, concluding that he failed to establish a valid legal basis for his request after the abolition of the void sentence rule in *People v. Castleberry*, 2015 IL 116916.

¶ 2    In 2006, defendant entered a partially negotiated guilty plea to one count of felony

criminal sexual assault in return for the State's agreement to dismiss six other criminal charges

and was sentenced to 20 years in prison and 2 years of mandatory supervised release. The mandatory MSR term for criminal sexual assault was three years to life. This court upheld defendant's conviction and sentence on direct appeal in 2008. Since that ruling, defendant has filed numerous postconviction motions and petitions.

¶ 3     In the present appeal, defendant contends that the trial court erred in denying his section 2-1401 motion to withdraw his guilty plea after a remand from this court's 2021 order (*People v. Bell*, 2021 IL App (3d) 190528-U). We affirm the trial court's denial of the motion to withdraw defendant's plea and vacate its 2017 amended sentencing order.

¶ 4                                    I. BACKGROUND

¶ 5     Because the procedural history in this case is extensive, we recite only those portions that are relevant to the present appeal. In May 2006, 18-year-old defendant Ryan Spencer Ross Bell was charged in Mercer County circuit court with seven counts of criminal sexual assault and battery arising out of repeated sexual assaults of a 15-year-old girl at an underage drinking party in defendant's Aledo, Illinois, apartment. Those seven counts were: (1) Class 1 felony criminal sexual assault (720 ILCS 5/12-13(a)(2) (West 2016)), alleging the sexual penetration of the victim's vagina with defendant's penis while the victim was unable to give consent; (2) criminal sexual assault (*id.*), alleging defendant inserted an object into the vagina of the victim, who was unable to give consent; (3) criminal sexual assault (*id.*), alleging he inserted another object into the vagina of the victim, who was unable to give consent; (4) battery (*id.* § 12-3(a)(2)), alleging that defendant urinated on the victim's face; (5) battery (*id.*), alleging he slapped the victim's face; (6) criminal sexual assault by accountability (*id.* § 5-2(c)), alleging defendant held down the victim, who was unable to give consent, while a second boy put his penis in the victim's

vagina; and (7) criminal sexual assault by accountability (*id.*), alleging he held down the victim, who was unable to give consent, while a third boy put his penis in the victim's vagina.

¶ 6         On October 24, 2006, defendant entered a partially negotiated plea, pleading guilty to count 1 (Class 1 felony criminal sexual assault (*id.* § 12-13(a)(2)) in exchange for the State's agreement to drop counts II through VII. The State provided an extensive factual basis supporting the charges. Because defendant had previously been convicted of a Class 1 felony, residential burglary, he was eligible for an extended prison sentence.

¶ 7         Before the trial court accepted the partially negotiated plea agreement, defendant was admonished that he faced a possible sentence of 8 to 30 years in prison. After a sentencing hearing, he was sentenced to 20 years in the Illinois Department of Corrections (DOC) "followed by a requisite period of mandatory supervised release [MSR] for that crime, that would be three years." The trial court's written order, however, specified "two (2) year[s]" MSR.

¶ 8         Defendant filed an amended motion to withdraw his guilty plea and/or reconsider his sentence, but it was denied. Defendant appealed, and this court affirmed the trial court's judgment in 2008, concluding that the denial of the motion to withdraw the plea was not error and the sentence imposed was not an abuse of discretion. *People v. Bell*, 382 Ill. App. 3d 1220 (2008).

¶ 9         Subsequently, defendant filed his first postconviction petition, alleging that he should be allowed to withdraw his guilty plea because the State had failed to disclose certain audio and video statements, as well as other exculpatory evidence. The State filed an unsuccessful motion to dismiss, and the petition advanced to a third-stage evidentiary hearing in August 2009 before being denied. Defendant appealed, and this court affirmed in 2011, finding no prejudice because the undisclosed evidence was not material in light of "the weight of the evidence against

3

defendant" that included corroboration of the victim's account by six witnesses. *People v. Bell*, 2011 IL App (3d) 090846-U, ¶ 26.

¶ 10        Before seeking leave to file, defendant filed a second postconviction petition in April 2012 that alleged his sentence was void because the law did not provide for a two-year MSR. The trial court granted the State's petition to dismiss the second postconviction petition in 2013, concluding that defendant had not established prejudice because any error in advising him about the applicable MSR period was cured when the Illinois Prisoner Review Board entered an order directing him to be released after three years of MSR. Defendant filed a motion to reconsider, and the trial court vacated its prior order. In May 2013, the court issued a written opinion and order granting the State's motion to dismiss; defendant appealed.

¶ 11        This court permitted the office of the State Appellate Defender to withdraw from the representation in an order entered pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). We affirmed the dismissal of defendant's second postconviction petition in February 2015 (*People v. Bell*, No. 3-13-0349 (2015) (unpublished dispositional order)), finding that defendant's petition was untimely and he had not established his lack of culpability for the untimely filing. The order also found that defendant "waived the issue of improper MSR admonishment because he failed to raise it" earlier and concluded that his petition failed "to make a substantial showing of a constitutional violation." In addition, the court found that defendant's claim was speculative and not yet ripe for adjudication because he might still be released from MSR before the end of the maximum sentence stated in the trial court's admonishment, 30 years in prison plus 2 years of MSR. *Bell*, No. 3-13-0349, pages 4-5.

¶ 12        Continuing, this court found *sua sponte* that defendant's two-year MSR period was void when the statute mandated a term of three years to life. *Bell*, No. 3-13-349, page 5 (citing *People*

4

*v. Thompson*, 209 6 Ill. 2d 19, 23 (2004)). Therefore, the court "vacate[d] the defendant's void MSR term and remand[ed] this cause to the trial court with directions to impose a proper MSR term of three years to life." *Bell*, No. 3-13-0349, page 5.

¶ 13    In September 2017, the trial court entered an amended sentencing order correcting Defendant's MSR to reflect a term of "three (3) years to life." He filed a section 2-1401 motion (735 ILCS 5/2-1401 (West 2019)) seeking to withdraw his plea in January 2019 and alleging that the corrected sentencing order was void because it was filed 10 years after his conviction. The State filed a motion to dismiss defendant's motion, arguing that this court's 2015 order barred it under principles of *res judicata*.

¶ 14    At the 2019 hearing on defendant's motion to withdraw his plea, he argued the trial court lost jurisdiction to amend his sentence 30 days after it was entered. The trial court dismissed that motion with prejudice for lack of merit, and defendant appealed. In its Rule 23 order finding that the dismissal was erroneous, this court relied on the reasoning in *People v. Castleberry*, 2015 IL 116916. *People v. Bell*, 2021 IL App (3d) 190528-U. The court agreed with defendant that both its 2015 order vacating his MSR term and the trial court's 2017 amended sentencing order were void under *Castleberry*. *Id.* ¶ 12. Because *Castleberry* deemed a MSR term that failed to conform to the statute "voidable, not void," this court lacked jurisdiction to vacate defendant's MSR term in 2015. *Id.* ¶ 17. Accordingly, this court remanded the cause to the trial court for an initial review of the merits of defendant's section 2-1401 motion to withdraw his plea. *Id.* ¶ 19.

¶ 15    In the trial court, the State again filed a motion to dismiss, arguing that defendant's sentence was not void and that he had not stated a right to resentencing. After a hearing, the trial court denied defendant's motion in November 2021, finding that voiding part of defendant's sentence did not void his underlying plea. Alternatively, the court found that defendant's

5

successive motion was barred by *res judicata* because "Defendant litigated his original Section 2-1401 Motion in 2007" and the denial of that motion was upheld on appeal.

¶ 16 The trial court added that the 2015 appellate decision affirming the guilty plea precluded any later contention that the plea was involuntarily entered. Because this court determined in 2021 that the MSR term was voidable, not void, the trial court had jurisdiction to correct the error. The trial court's order included two attachments. In the first, the court suggested that this court's 2021 decision may have decided *sub silentio* that defendant's second section 2-1401 motion was improper because a voidable sentence cannot be collaterally attacked. If so, defendant should have pursued a hearing to enter a corrected sentence. In the second attachment, the court noted that the "Prisoner Review Board Discharge" shown in the record expressly stated that defendant would be discharged after serving three years of MSR, consistent with the statutory mandate. Defendant appeals from the trial court's judgment.

¶ 17                                    II. ANALYSIS

¶ 18 The present appeal addresses two primary questions: (1) should the trial court have vacated its 2017 "Amended Sentencing Order," correcting defendant's MSR term to be 3 years to life? and (2) was it error to deny defendant's section 2-1401 motion to withdraw his guilty plea? We review both questions *de novo*. *People v. Laugharn*, 233 Ill. 2d 318, 322 (2009).

¶ 19 Defendant first argues that the trial court erred by failing to vacate its 2017 amended sentencing order as directed in this court's 2021 order and, consequently, by denying his section 2-1401 petition. He asserts that it "is a settled issue despite the trial court's insistence that the 'Appellate Order is not void.' " Citing our 2021 decision (*Bell*, 2021 IL App (3d) 190528-U, ¶ 19), defendant maintains that "the issue is no longer a subject of debate. Accordingly, [his] 2-1401 petition should have been granted, and the amended sentencing judgment should have been

6

vacated as void," leaving only the issue of the proper remedy to be imposed. For its part, the State concedes in its appellate brief that both this court's 2015 order and the trial court's 2017 amended sentencing judgment are void.

¶ 20     In our 2021 order, this court held that our 2015 "order vacating defendant's MSR term and the circuit court's sentencing judgment were void and subject to collateral attack." *Bell*, 2021 IL App (3d) 190528-U, ¶ 19. Under the law of the case doctrine, on remand the trial court was bound to adhere to that legal finding. "The law of the case doctrine generally bars relitigation of an issue previously decided in the same case. *People v. Tenner*, 206 Ill. 2d 381, 395 [276 Ill. Dec. 343, 794 N.E.2d 238] (2002). Thus, the determination of a question of law by an appellate court in the first appeal may be binding on the court in a second appeal. *Krautsack v. Anderson*, 223 Ill. 2d 541, 552 [308 Ill. Dec. 302, 861 N.E.2d 633] (2006)." *People v. Coty*, 2020 IL 123972, ¶ 20. Because the trial court was bound by this court's 2021 judgment, it erred by not vacating its 2017 amended sentencing order as directed.

¶ 21     Defendant also asserts, however, that it was error to deny his section 2-1401 petition because, as a matter of settled law, the appellate order was void, "despite the trial court's insistence that the 'Appellate Order is not void.' " That argument appears to misapprehend which appellate order the trial court was referencing. Defendant interprets the trial court's statement that the "Appellate Order is not void" as an abandonment of our finding that our 2015 order was void under *Castleberry*. The trial court's written order and opinion makes it abundantly clear, however, that the court was referring to this court's 2008 order upholding defendant's conviction and sentence on appeal. Because the trial court's statement was not erroneous, we will next address the propriety of its denial of defendant's section 2-1401 petition.

¶ 22    Defendant argues that "[b]ecause the Appellate Court has already established that its order vacating [his] sentence was void and that the amended sentencing judgment that was entered thereafter was void, [he] met the burden of proof on his 2-1401 petition," requiring this court to decide only the proper remedy to be granted. In support, he cites *People v. White*, 2011 IL 109616. In that case, the defendant was properly admonished during his plea hearing that the base sentence for first degree murder was 20 to 60 years in prison; he was not, however, informed that he also faced a mandatory 15-year firearm enhancement, making his minimum sentence 35 years in prison. The defendant entered into a fully negotiated plea agreement with the State and received the bargained-for prison term of 28 years, which was below the statutory minimum. Unable to modify the defendant's sentence to include the 15-year mandatory enhancement without also effectively reducing his base sentence below the statutory 20-year minimum, our supreme court held that he had to be allowed to withdraw his guilty plea and proceed to trial if he wished. *People v. Donelson*, 2013 IL 113603, ¶ 26 (citing *White*, 2011 IL 109616, ¶¶ 19, 31).

¶ 23    In *Donelson*, the court distinguished *White* both because the defendant in *Donelson* did not allege that he was improperly admonished about the applicable individual sentencing ranges when he entered his plea and because his 50-year agreed-to sentence could be reconfigured to accommodate the statutory sentencing mandates while still providing him with the benefit of his plea bargain. Defendant argues that *Donelson* does not apply here because the State incorrectly stated the applicable MSR term at his plea hearing and his 20-year sentence cannot be reconfigured to conform to the law. Because the parties' mistake of law cannot be remedied in any other way, defendant asserts that they must be returned to their pre-plea positions, with the

8

cause being remanded with directions to allow him to withdraw his plea and proceed to trial, the remedy in *White*, 2011 IL 109616, ¶ 31.

¶ 24    In *People v. Smith*, 2015 IL 116572, ¶ 34, however, our supreme court held "that *White* does not apply retroactively to convictions which were final at the time *White* was decided" in 2011. Nonetheless, defendant maintains that *White* is applicable because his case was not "final" until after the entry of the trial court's 2017 amended sentencing order that correctly required him to serve an MSR term of three years to life, citing *People v. Lyles*, 208 Ill. App. 3d 370, 375 (1990), in support.

¶ 25    In *Lyles*, the defendant was convicted on two counts of murder and one count of involuntary manslaughter, offenses for which he was sentenced to death and 14 years in prison, respectively. Those sentences were stayed during his direct appeal to the Illinois Supreme Court, in which he argued the State's discriminatory use of peremptory challenges denied him a fair trial. *Lyles*, 208 Ill. App. 3d at 373. Rejecting that claim, the supreme court determined that the defendant had failed to establish that the State purposefully excluded African Americans from the jury venire. Although the court rejected the defendant's discrimination claim, it ultimately remanded the case to the trial court for resentencing based on the prosecutor's serious misconduct during closing arguments. *People v. Lyles*, 106 Ill. 2d 373, 413 (1985).

¶ 26    While Lyles's appeal was pending before our supreme court, the United States Supreme Court issued its decision in *Batson v. Kentucky*, 476 U.S. 79 (1986), repudiating the discriminatory use of the State's peremptory challenges. The year after *Batson* was decided, the defendant in *Lyles* was resentenced to natural life without parole. He again appealed to the appellate court, arguing that he was entitled to a new hearing on his *Batson* claim because that decision was "applicable retroactively to all cases pending on direct appeal or not yet final at the

9

time that *Batson* was announced." *Lyles*, 208 Ill. App. 3d at 373. The court determined that *Batson* would generally apply in that scenario because the case was not final until after resentencing was completed on remand, which occurred after *Batson* was issued. *Id*. at 375. Because the supreme court had previously rejected the merits of the defendant's discrimination claim, however, the appellate court declined to "give *Batson* retroactive effect in this case," finding that "a relitigation of defendant's claim is directly barred by the preclusion doctrine of the law of the case." *Id.* at 375.

¶ 27    We find that *Lyles* is readily distinguishable from the instant case. As our supreme court has explained, " 'the final judgment in a criminal case is the sentence.' (*People v. Warship*, 59 Ill. 2d 125, 130 (1974))." *Id.* Moreover, the court has held that '[a] judgment is final if it determines the litigation on the merits so that if affirmed, the only thing remaining is to proceed with the execution on the judgment.' (*Relph v. Board of Education*, 84 Ill. 2d 436, 441 (1981))." *Id*. The appellate court in *Lyles* properly applied those principles to conclude that the defendant's sentence there was not final until his initial appeal was resolved and his resentencing was completed on remand. *Id*.

¶ 28    In contrast, here defendant was originally sentenced in 2007, and this court upheld both his conviction and sentence in 2008, obviating any need for remand. Because defendant's case was not remanded to the trial court as it was in *Lyles*, his conviction and sentence became final for purposes of our retroactivity analysis after this court issued its 2008 decision.

¶ 29    We note that if we adopted defendant's argument a criminal defendant's conviction and sentence might never be deemed "final" because the original judgment would always be subject to potential modification in a postconviction proceeding. Under defendant's view of *Lyle*, his judgment would be "final" only so long as he chose not to challenge it in another postconviction

10

challenge. Defendant's own lengthy history of postconviction filings, stretching from his direct appeal in 2007 to his present filings, exemplifies how repeated postconviction actions may be used to delay a finding that the trial court's original judgment was final. Thus, we conclude that because defendant's conviction became final after his initial appeal was resolved in 2008, three years prior to the decision in *White*, that case does not apply retroactively to this case. See *People v. Smith*, 2015 IL 116572, ¶ 34.

¶ 30        Finally, defendant argues that his conviction, sentence, and plea agreement should be vacated and he should be allowed to enter a new plea under the reasoning in *People v. Strom*, 2012 IL App (3d) 100198. There, the defendant pled guilty to criminal sexual assault and was sentenced to four years in prison and two years of MSR, which, as here, failed to comport with the mandatory MSR term of three years to life for that offense. The trial court denied the defendant's postconviction petition, and he appealed. During the pendency of that appeal, the defendant became eligible to start his MSR term, which the DOC had unilaterally modified to comply with the statutory mandate of three years to life. *Id.* at ¶¶ 3, 5. The appellate court concluded that

> "when the parties agree to a sentence that is unauthorized by statute, the entire plea agreement is void because the defendant was not properly admonished with regard to the possible penalties he might face. This is true even if the prosecutor, defendant, and judge agree to a lesser sentence than is authorized by law." *Id.* § 9 (citing *White*, 2011 IL 109616).

The court added that the only proper remedy for the imposition of a void plea term, such as an invalid MSR term, is to permit the defendant to withdraw his guilty plea and proceed to trial if he so chooses. *Id.* ¶¶ 10-11. Defendant argues that the same remedy must be applied here.

11

¶ 31 Unlike in *Strom*, however, this court has previously ruled that defendant's statutorily nonconforming MSR term was voidable, *not* void, based on our supreme court's 2015 decision in *People v. Castleberry*, 2015 IL 116916. *Bell*, 2021 IL App (3d) 190528-U, ¶ 17. In that case, the supreme court abolished the void sentencing rule, which stated that " '[a] sentence which does not conform to a statutory requirement is void.' " *Castleberry*, 2015 IL 116916, ¶ 1 (quoting *People v. Arna*, 168 Ill. 2d 107, 113 (1995)). Thus, unlike in *Strom*, both *Castleberry* and the law of the case here dictate that defendant's original MSR term is merely voidable, not void. To the extent that the rationale applied in *Strom* may survive the abolition of the void sentence rule, an issue not currently before this court, we reject defendant's claim that we must grant the same remedy here and vacate defendant's conviction, sentence, and plea agreement, permitting him to proceed to trial. Because defendant has not established a valid legal basis to support the relief requested in his section 2-1401 motion to withdraw his guilty plea, the trial court did not err by denying that motion.

¶ 32                                   III. CONCLUSION

¶ 33 For the reasons stated, we vacate the Mercer County circuit court's 2017 amended sentencing order and affirm its denial of defendant's section 2-1401 motion to withdraw his guilty plea.

¶ 34 Affirmed in part and vacated in part.