NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 241285-U

NO. 4-24-1285

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 14, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Greene County |
| ADAM J. GOWIN, | ) | No. 18CF149 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Allison Lorton, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice Harris and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1     *Held*: The appellate court affirmed as modified, finding postplea counsel failed to
exercise due diligence when amending defendant's petition for relief from
judgment and removing the meritorious issue that defendant was not eligible for
an extended-term sentence on the lesser class offense of second degree murder.

¶ 2     In September 2020, defendant, Adam J. Gowin, pleaded guilty but mentally ill,

pursuant to section 113-4(d) of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-4(d)

(West 2022)), to first degree murder (720 ILCS 5/9-1(a)(2) (West 2018)) for the death of Ronald

Plummer and second degree murder (*id.* § 9-2(a)(2)) for the death of Billy Plummer. The trial

court sentenced defendant to 25 years' imprisonment for each conviction. In November 2021,

defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code

of Civil Procedure (735 ILCS 5/2-1401 *et seq.* (West 2020)). The court appointed counsel, who

filed an amended petition in November 2023. The court denied defendant's amended petition.

On appeal, defendant argues postplea counsel failed to exercise due diligence when amending his section 2-1401 petition because it removed the meritorious argument he was not eligible for an extended-term sentence for second degree murder. We affirm as modified.

¶ 3                                    I. BACKGROUND

¶ 4            In September 2018, defendant was charged by information with three counts of first degree murder for the stabbing death of Billy Plummer (counts I to III) and three counts of first degree murder for the stabbing death of Ronald Plummer (counts IV to VI). In September 2020, the Stated added a second degree murder charge for the stabbing death of Billy Plummer (count VII). The information for count VII stated defendant was subject to a sentence of imprisonment for 4 to 30 years. A plea hearing followed.

¶ 5            At the hearing, defendant pleaded guilty but mentally ill to one count of first degree murder pertaining to Ronald Plummer (count VI) and one count of second degree murder pertaining to Billy Plummer (count VII). Per the negotiated plea agreement, defendant would be sentenced to 25 years' imprisonment for each conviction, to be served consecutively. The trial court admonished defendant that he faced a potential sentence of 4 to 30 years in prison for count VII. The court confirmed defendant was not eligible for an extended-term sentence for count VI but did not confirm whether defendant was extended-term-eligible for count VII. Per the plea agreement, the court sentenced defendant to two 25-year terms of imprisonment, to be served consecutively, for counts VI and VII.

¶ 6            Defendant, in a handwritten letter dated November 9, 2020, wrote to the prosecutor inquiring about a letter he had written to the trial court in September wanting to appeal his conviction. A second handwritten letter by defendant from September indicates he had written the trial court seeking to withdraw his plea. Neither of these letters are file stamped in the

record.

¶ 7        On November 15, 2021, defendant filed a *pro se* petition for relief from judgment. The petition noted his sentence for second degree murder, as a Class 1 felony, was statutorily subject to a sentence of 4 to 20 years in prison. He cited section 5-8-2(a) of the Unified Code of Corrections (Code) (730 ILCS 5/5-8-2(a) (West 2020)), arguing an extended-term sentence was only available for the most serious class offense, which would have been his conviction for first degree murder, a Class M felony. He contended his 25-year sentence for second degree murder was, therefore, impermissibly extended and void, citing section 5-4.5-30(a) of the Code (730 ILCS 5/5-4.5-30(a) (West 2020)). Attached to the petition, defendant requested the appointment of counsel. The trial court appointed counsel for defendant per his request.

¶ 8        In January 2022, the State filed a response to defendant's *pro se* petition, arguing section 5-8-2(b) of the Code (*id.* § 5-8-2(b)) permits a guilty plea to an extended-term sentence where the record shows a defendant has knowledge an extended-term sentence was possible. The State argued the information charging defendant with second degree murder informed him he was subject to a sentencing range of 4 to 30 years in prison. Furthermore, the State contended section 5-4.5-30(a) of the Code contains an exception to the most serious class offense and permits extended-term sentence for a less serious offense where certain aggravating factors are present. The State, citing section 5-5-3.2(c)(2) of the Code (*id.* § 5-5-3.2(c)(2)), argued the trial court was authorized to sentence defendant to an extended term for second degree murder because he had been convicted of causing the death of more than one individual.

¶ 9        In November 2023, defendant, through counsel, filed an amended motion to declare his sentence voidable, arguing he was incorrectly admonished by the trial court at the plea hearing about the sentencing range for second degree murder.

¶ 10      In December 2023, the trial court found defendant was eligible for an extended-term sentence because he had pleaded guilty to both first and second degree murder, which had involved the death of more than one individual pursuant to section 5-5-3.2(c)(2) of the Code. The court also found the sentencing court properly admonished defendant he was extended-term eligible when it informed him that he was subject to up to 30 years in prison for second degree murder. The court denied defendant's petition.

¶ 11      This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13      On appeal, defendant argues his postplea counsel failed to exercise due diligence when counsel amended the petition and removed the issue that defendant was not eligible for an extended-term sentence for second degree murder. He contends the amended petition raised only the meritless claim that he had been improperly admonished by the trial court as to extended-term eligibility. Defendant also contends counsel made factual errors while arguing the motion, indicating counsel had not reviewed the transcripts from the record.

¶ 14      In response, the State argues defendant is not entitled to relief from his section 2-1401 petition because the void sentence rule was abolished pursuant to *People v. Castleberry*, 2015 IL 116916.

¶ 15      The State is correct that *Castleberry* eliminated the "void sentence rule," which stated where a sentence fails to conform to statutory requirements, it is void. *Id.* ¶¶ 13-19. However, *Castleberry* eliminated the ability of appellate courts to *sua sponte* correct statutorily nonconforming sentences and eliminated a defendant's ability to "rely on the void sentence rule to overcome forfeiture of a claimed sentencing error or challenge a statutorily nonconforming sentence in perpetuity." *People v. Price*, 2016 IL 118613, ¶ 17. Here, defendant's petition does

not rely on the void sentence rule. His section 2-1401 petition was filed more than 30 days after the trial court rendered judgment but within the two-year limitation period under the statute. 735 ILCS 5/2-1401(c) (West 2020). The State does not argue defendant's petition was untimely. Accordingly, defendant is not relying on the void sentence rule but a timely filed section 2-1401 petition.

¶ 16        "In the context of a section 2-1401 proceeding, relief 'is predicated upon proof, by a preponderance of evidence, of a defense or claim that would have precluded entry of the judgment in the original action and diligence in both discovering the defense or claim and presenting the petition.' " *People v. Stoecker*, 2020 IL 124807, ¶ 42 (quoting *People v. Vincent*, 226 Ill. 2d 1, 7-8 (2007)). "To that end, counsel has an obligation, to the best of his or her legal ability, to make a cogent argument in support of [a] petitioner's section 2-1401 claims and to overcome any procedural hurdles where it can legally and ethically be done." *Id.* Counsel's obligations under *Stoecker* may include "amending a petition, responding to any motions to dismiss, and standing on the petition or alternatively withdrawing as counsel." *Id.* ¶ 43. "Nevertheless, a claim of lack of due diligence sufficient to warrant remand depends on an arguably meritorious claim." *Id.* In this case, defendant's *pro se* petition argued a potentially meritorious claim.

¶ 17        Second degree murder is a Class 1 felony. 720 ILCS 5/9-2(d) (West 2018). While Class 1 felonies are ordinarily subject to a sentence of imprisonment of 4 to 15 years, second degree murder is subject to a term of imprisonment of 4 to 20 years. 730 ILCS 5/-4.5-30(a) (West 2020). The extended-term sentence for a Class 1 felony is a term of 15 to 30 years in prison. *Id.*

¶ 18        Section 5-8-2(a) of the Code provides the trial court

"shall not sentence an offender to a term of imprisonment in excess of the maximum sentenced authorized *** for an offense or offenses within the class of the most serious offense of which the offender was convicted unless the factors in aggravation set forth in section 5-5-3.2 or clause (a)(1)(b) of section 5-8-1 were found to be present." *Id.* § 5-8-2(a).

This court has already interpreted section 5-8-2(a) to mean "[a] defendant convicted of multiple offenses of differing classes may be sentenced to an extended-term sentence pursuant to section 5-8-2(a) of the [Code] [citation] only on those offenses within the most serious class." *People v. Palen*, 2016 IL App (4th) 140228, ¶ 76.

¶ 19      In the case *sub judice*, defendant received a 25-year sentence for first degree murder, a Class M offense, which differs from and is more serious than the Class 1 conviction for second degree murder. 730 ILCS 5/5-4.5-10(a)(1), (3) (West 2020). Therefore, defendant was not eligible for an extended-term sentence for second degree murder.

¶ 20      The State contends postplea counsel argued defendant was not eligible for an extended-term sentence for second degree murder, and, therefore, he could not have failed to exercise due diligence. We disagree.

¶ 21      Postplea counsel cited the correct statute regarding extended-term eligibility; however, counsel's arguments before the trial court emphasized defendant had been improperly admonished before being sentenced to an extended term for second degree murder. Counsel's argument implicitly suggests that had defendant been properly admonished, the court could have sentenced him to an extended-term sentence. This is incorrect. "An exception allowing the imposition of extended-term sentences on differing class offenses exists if the offenses arise from unrelated courses of conduct in which there was a substantial change in the nature of

defendant's criminal objective." *Palen*, 2016 IL App (4th) 140228, ¶ 76. There is no exception to section 5-8-2(a) of the Code that permits a defendant to be given an extended-term sentence for a less serious class offense so long as he is properly admonished. Because defendant's contention in his *pro se* petition was meritorious, we find counsel failed to exercise due diligence when amending the petition and removing the meritorious argument.

¶ 22        Defendant requests we exercise our authority under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967) and reduce his sentence for second degree murder to the maximum nonextended-term sentence of 20 years' imprisonment. We agree and, accordingly, reduce defendant's sentence for second degree murder to the maximum nonextended-term sentence of 20 years' imprisonment.

¶ 23                              III. CONCLUSION

¶ 24        For the reasons stated, we reduce defendant's sentence for second degree murder to 20 years' imprisonment. We otherwise affirm the judgment of the trial court.

¶ 25        Affirmed as modified.